### KENSLER vs. BRUNETT.

1. The statute prescribing the manner of taking appeals from the judgments of justices of the peace does not require that the appellant shall pay any portion of the costs, except the justice's fees, before taking his appeal.

2. Where an appeal from a justice of the peace has been taken, and no recognizance or a defective one entered into, it cannot avail the appellant to *offer* to file a sufficient recognizance in the district court; the statute must be complied with by *actually filing* such recognizance and paying costs before the motion to dismiss is disposed of, or the appeal must be dismissed.

ERROR to the District Court for *Brown* County.

This cause was originally commenced by *Brunett* against *Kensler*, before a justice of the peace for Brown county, and was removed by a change of venue before another justice previous to the trial. *Brunett* obtained a judgment before the justice, from which *Kensler* appealed to the Brown county district court. The district court dismissed the appeal upon motion (for reasons which appear in the opinion), and the plaintiff in error, who was defendant below, prosecuted a writ of error to reverse the judgment of the district court dismissing his appeal.

*T. W. Sutherland,* for plaintiff in error.

IRVIN, J. This cause came up by writ of error to the decision of the district court of Brown county, pronounced at the May term, 1841, on a bill of exceptions taken thereto and made a part of the record.

The cause originated before a justice of the peace, J. G. Knapp, and was afterward, upon a change of venue, tried before Thomas Lee, another justice, when a jury was demanded and had, who gave a verdict in favor of the plaintiff for eight dollars. It appears that the defendant then paid the following fees, to wit:

J. G. Knapp's fees, - - - - - 87½
Thos. Lee, fees, - - - - - 3 00
Sheriff Williams, fees, - - - - 1 25
Jury fees, - - - - - - 3 00

(Not so marked, but we presume the figures stand for dollars and cents.) But the fees of the witnesses were not paid, and after the payment of the fees as above stated, defendant gave notice of and took an appeal to the district court.

At the October term of said court, 1840, *Peter Brunett*, the plaintiff below, by his attorney, filed a motion to dismiss the appeal for the following reasons, to wit:

"1st. That the fees of the court below, or justice's fees, were not paid before the appeal was taken.

"2d. That there is no bail bond to be found among the papers returned to this court."

It appears the said *Kensler* "offered to come into court and perfect said bond, which was not done." The said *Kensler* also offered to the court the receipt of Thomas Lee, the justice who tried the cause below, for all the fees of the witnesses sworn in the case, dated May 26, 1841, which was not received by the court. The court then sustained the motion to dismiss the appeal, "on the ground that the costs were not all first paid, and no recognizance was given as required by law, and exceptions were noted."

The errors assigned to said decisions are:

1st. That the court erred in dismissing the appeal of *Charles Kensler*, on the ground that all the costs of said suit had not been paid.

2d. That the court erred in dismissing the appeal, on the ground that no recognizance or bail bond had been filed, as the party was ready, and so informed the court, to perfect his bond in any manner the court might direct.

By the 9th article, Revised Statutes, 332, upon the subject of appeals from a judgment of a justice of the peace, it is in the 2d section provided that "no appeal shall be allowed in any case unless the following requisites be complied with:

"1st. The appeal must be made within six days after the judgment is rendered.

"2d. The applicant, or some person for him, together
Vol. I. — 8

with one or more sureties, to be approved by the justice, must, within the time prescribed in the first clause of this section, enter into a recognizance before the justice, etc.

"3d. The fees of the justice shall be first paid by such applicant."

By the 12th section it is provided that "no appeal allowed by a justice shall be dismissed on account of there being no recognizance, or that the recognizance given is defective, if the appellant will, before motion to dismiss is determined, enter before the district court, into such recognizance as he ought to have entered into before the allowance of the appeal, and pay all costs that shall be incurred by reason of such default or omission."

This court is of opinion that nothing more is intended by the provision of the law, that "the fees of the justice shall be first paid by such applicant," than that the fees of the justice only, and not those of the witnesses or others, shall be paid; for, had the legislature intended to have embraced *all the costs before the justice*, it would have been proper to have so expressed it. The district court, therefore, erred in dismissing the appeal upon that ground, as it appears that the fees of the justice had been properly paid.

The court is further of opinion that the district court did not err in dismissing the appeal for want of a recognizance, for, although the law allows the appellant to come into court before the motion to dismiss for want of, or for a defective, recognizance is determined, and enter into such recognizance as he ought to have entered into before the allowance of the appeal, yet, in case the party only *offered* to come into court and do it, such an *offer* is not a compliance with the requisitions of the law. There is a great difference between the *offer* to come into court to do an act, and the *actual coming in and doing it*. The time allowed by law is before the motion to dis-

miss is determined, and there is no complaint that the court urged the decision with improper haste. The court is, therefore, of opinion that the decision of the district court be affirmed with costs.