STATE of Wisconsin, Plaintiff-Respondent,

v.

Jay YOUNG, Defendant-Appellant.†

Court of Appeals

*No. 93–0387–CR. Submitted on briefs November 2, 1993.—Decided December 7, 1993.*

(Also reported in 511 N.W.2d 309.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael J. Steinle* of *Law Office of Michael J. Steinle* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Marguerite M. Moeller*, assistant attorney general.

701

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

FINE, J. This appeal of a non-final order presents a question of first impression: namely, whether a prosecutor may prevent a trial court from imposing the sentences authorized by section 161.48, Stats., by the simple expedient of not charging the defendant as a repeater under that statute. As did the trial court, we conclude that the prosecutor may not.[1]

The facts essential to this appeal are not in dispute. On August 18, 1992, Jay D. Young was charged in a two-count Information. The first count charged Young with possession of cocaine with intent to deliver, as party to a crime. *See* secs. 161.16(2)(b)1, 161.41(1)(c)3, and 939.05, Stats. The second count charged Young with conspiracy to possess cocaine with intent to deliver. *See* secs. 161.16(2)(b)1, 161.41(1m)(c)4, and 161.41(1x), Stats. This was not Young's first brush with the law. In 1988, he was convicted of possession of a controlled substance in violation of section 161.16, Stats.[2] Accordingly, consistent with section 161.48, Stats., the Information alleged that Young had "been previously convicted of an offense under Chapter 161 of the Wisconsin Statutes." Section 161.48 provides:

**Second or subsequent offenses.**
**(1)** Except as provided in subs. (2) and (4), any

---

[1] This court granted the defendant's petition for leave to appeal. *See* sec. 808.03(2), Stats. The State did not oppose the petition.

[2] The judgment of the 1988 controlled-substances conviction is not in the record. Nevertheless, the judgment roll of that case, which is in the record, reflects that Young pled guilty to the charge on August 23, 1988. The parties do not contest the 1988 drug conviction.

person convicted of a 2nd or subsequent offense under this chapter may be fined an amount up to twice that otherwise authorized or imprisoned for a term up to twice the term otherwise authorized or both.

(2)  If any person is convicted of a 2nd or subsequent offense under this chapter that is specified in s. 161.41 (1) (c), (cm), (d), (e), (f), (g) or (h), (1m) (c), (cm), (d), (e), (f), (g) or (h), (2r) (b), (3m), (3n) or (3r), any applicable minimum and maximum fines and minimum and maximum periods of imprisonment under s. 161.41 (1) (c), (cm), (d), (e), (f), (g) or (h), (1m) (c), (cm), (d), (e), (f), (g) or (h), (2r) (b), (3m), (3n) or (3r) are doubled. A 2nd or subsequent offense under s. 161.41 (3m), (3n) or (3r) is a felony and the person may be imprisoned in state prison.

(3)  For purposes of this section, an offense is considered a 2nd or subsequent offense if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to controlled substance, narcotic drugs, marijuana or depressant, stimulant or hallucinogenic drugs.

(4)  This section does not apply to offenses under s. 161.41 (2r) (a) and (3).

A week before the date set for trial, the parties appeared before the trial court and announced that they had agreed to a plea bargain. The prosecutor told the trial court that she was moving "to strike from the Information the Section 161.48 enhancer, and that would decrease the minimum and maximum exposure of this defendant."[3] The trial court concluded that

---

[3] The prosecutor also told the trial court that the State would, in accordance with the plea bargain, recommend "four years imprisonment" on count one of the Information, and "four years consecutive probation" on count two.

neither the prosecutor nor the court had any discretion but to comply with what the trial court viewed as a statutory mandate, and denied the motion. Although our review is *de novo, see State v. Wilson*, 170 Wis. 2d 720, 722, 490 N.W.2d 48, 50 (Ct. App. 1992) (statutory interpretation presents an issue of law), *denial of habeas corpus aff'd, Wilson v. McCaughtry*, 994 F.2d 1228 (7th Cir. 1993), we agree.[4]

Absent a constitutional infirmity, courts must apply statutes as they are written, unless to do so would lead to an absurd result that did not reflect the legislature's intent. *C.G. v. State*, 154 Wis. 2d 298, 303, 453 N.W.2d 494, 496 (Ct. App. 1990). Section 161.48, Stats., is clear and unambiguous. Under section 161.48(1) anyone "convicted of a 2nd or subsequent offense" under chapter 161 "may be fined an amount up to twice that otherwise authorized or imprisoned for a term up to twice the term otherwise authorized or both." Under section 161.48(2) the "minimum and maximum fines and minimum and maximum periods of imprisonment" applicable to certain drug crimes "are doubled." As both the trial court and the State on this appeal recognize, this is a grant of sentencing discretion.[5] Unlike the general repeater-enhancement statute, which, by virtue of section 973.12, Stats.,

---

[4] The State, represented on appeal by the Wisconsin Department of Justice and not the Milwaukee County District Attorney, who represented the State before the trial court, concludes, albeit reluctantly, that "the trial court was correct in refusing to treat the defendant as a first offender under the controlled substances law."

[5] Young argues that use of the word "may" is a grant of *charging* discretion to the district attorney. The statute's clear language, however, is to the contrary.

requires action by the prosecutor before the defendant's increased exposure as a repeater is triggered, *see State v. Martin*, 162 Wis. 2d 883, 900-902, 470 N.W.2d 900, 907 (1991), section 161.48 is self-executing.[6] A

---

[6] Section 939.62, Stats. provides:

**Increased penalty for habitual criminality.** (1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42 or a failure to report under s. 946.425) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a) A maximum term of one year or less may be increased to not more than 3 years.

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c) A maximum term of more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

(2) The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed. It is immaterial that sentence was stayed, withheld or suspended, or that he was pardoned, unless such pardon was granted on the ground of innocence. In computing the preceding 5-year period, time which the actor spent in actual confinement serving a criminal sentence shall be excluded.

(3) In this section "felony" and "misdemeanor" have the following meanings:

(a) In case of crimes committed in this state, the terms do not include motor vehicle offenses under chs. 341 to 349 and offenses handled through court proceedings under ch. 48, but otherwise have the meanings designated in s. 939.60.

(b) In case of crimes committed in other jurisdictions, the terms do not include those crimes which are equivalent to motor vehicle offenses under chs. 341 to 349 or to offenses handled through court proceedings under ch. 48. Otherwise, felony means a crime which under the laws of that jurisdiction carries a prescribed

defendant either is or is not a "2nd or subsequent" offender to whom section 161.48 applies. If section 161.48 applies, the trial court may impose any sentence consistent therewith. It may not, however, ignore the defendant's record of drug-crime convictions. *See State v. McQuay*, 154 Wis. 2d 116, 125-126, 452 N.W.2d 377, 381 (1990) (a sentencing court must have all relevant information about a defendant and agreements by either " 'police or prosecutors' " to withhold relevant information " 'are clearly against public policy and cannot be respected by the courts' ") (quoting *Grant v. State*, 73 Wis. 2d 441, 448, 243 N.W.2d 186, 190 (1976), *habeas corpus granted on other grounds, Grant v. Wisconsin*, 450 F. Supp. 575 (E.D. Wis. 1978)—see *McQuay*, 154 Wis. 2d at 126 n.3, 452 N.W.2d at 381 n.3). As the trial court cogently expressed it in its written decision on the prosecutor's motion for reconsideration: "While the court need not sentence the defendant to the maximum penalty, it cannot pretend

---

maximum penalty of imprisonment in a prison or penitentiary for one year or more. Misdemeanor means a crime which does not carry a prescribed maximum penalty sufficient to constitute it a felony and includes crimes punishable only by a fine.

Section 973.12, Stats., provides in pertinent part:

**Sentence of a repeater. (1)** Whenever a person charged with a crime will be a repeater as defined in s. 939.62 if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. *If such prior convictions are admitted by the defendant or proved by the state, he shall be subject to sentence under s. 939.62* unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. . . .

(Emphasis added.)

that the maximum is other than that which is set by law."

*By the Court.*—Order affirmed.