No. 02CV007447

U.S. BANK NATIONAL ASSOCIATION, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007448

MILWAUKEE LANDMARK APARTMENTS, LLC, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007449

MILWAUKEE CITY CENTER, LLC, Plaintiff,

v.

CITY OF MILWAUKEE, Defendant.

No. 02CV007450

METRO HOMES COMPANY, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007451

MITCHELL ASSOCIATES, Plaintiff-Appellant,

---

† Petition to review denied 12-16-03.

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007452

David J. BARNETT, Plaintiff,

v.

CITY OF MILWAUKEE, Defendant.

No. 02CV007453

BAY DEVELOPMENT COMPANY, LLC, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007454

MARVIN A. BEHNKE TRUST and Betty J. Behnke Trust, Plaintiffs,

v.

CITY OF MILWAUKEE, Defendant.

No. 02CV007455

COUNTY CLARE LTD., Plaintiff,

v.

CITY OF MILWAUKEE, Defendant.

No. 02CV007456

GREAT LAKES REIT, Plaintiff-Appellant,

719

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007457

Edward L. KAISER as Trustee of Kaiser Land Trust, Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007458

NORTH AURORA REALTY HOLDINGS, INC., Plaintiff-Appellant,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007459

105/111 LLC, Plaintiff,

v.

CITY OF MILWAUKEE, Defendant.

No. 02CV007460

YANKEE HILL HOUSING PARTNERS, Plaintiff,

v.

CITY OF MILWAUKEE, Defendant.

No. 02CV007461

PACE DEVELOPMENT CORPORATION OF MILWAUKEE, Plaintiff,

720

v.

Cɪᴛʏ ᴏꜰ Mɪʟᴡᴀᴜᴋᴇᴇ, Defendant.

No. 02CV007462

Pᴀʀᴋ Cʟᴜʙ Pᴀʀᴛɴᴇʀꜱʜɪᴘ, Plaintiff,

v.

Cɪᴛʏ ᴏꜰ Mɪʟᴡᴀᴜᴋᴇᴇ, Defendant.

No. 02CV007463

Iɴʟᴀɴᴅ Rᴇᴀʟ Eꜱᴛᴀᴛᴇ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ, Plaintiff-Appellant,

v.

Cɪᴛʏ ᴏꜰ Mɪʟᴡᴀᴜᴋᴇᴇ, Defendant-Respondent.†

No. 02CV007464

Sʜᴀᴅʏ Gʀᴏᴠᴇ Rᴏᴀᴅ Aꜱꜱᴏᴄɪᴀᴛᴇꜱ, LLC, Plaintiff-Appellant,

v.

Cɪᴛʏ ᴏꜰ Mɪʟᴡᴀᴜᴋᴇᴇ, Defendant-Respondent.†

No. 02CV007465

Leo R. Lɪᴄʜᴛᴇʀ, Plaintiff,

v.

Cɪᴛʏ ᴏꜰ Mɪʟᴡᴀᴜᴋᴇᴇ, Defendant.

No. 02CV007466

721

KOHL'S FOOD STORES, INC., Alice M. Allen Convertible Trust, and Hall Properties Company, Plaintiffs-Appellants,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

No. 02CV007467

Harold SAMPSON and B.J. Sampson d/b/a Sampson Investments, and Sampson Trusts Venture, Plaintiffs-Appellants,

v.

CITY OF MILWAUKEE, Defendant-Respondent.†

Court of Appeals

*No. 03–0724. Submitted on briefs September 2, 2003.— Decided September 30, 2003.*

2003 WI App 220

(Also reported in 672 N.W.2d 492.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert L. Gordon* and *Alan Marcuvitz* of *Weiss Berzowski Brady LLP*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Grant F. Langley*, city attorney, and *Gregg C. Hagopian*, assistant city attorney, Milwaukee.

Before Wedemeyer, P.J., Fine and Dykman, JJ.

¶ 1. FINE, J. Fourteen City of Milwaukee property-taxpayers appeal an order dismissing their actions brought under WIS. STAT. § 74.37 against the City for property-tax refunds. Before *Nankin v. Village*

*of Shorewood*, 2001 WI 92, 245 Wis. 2d 86, 630 N.W.2d 141, § 74.37 could only be used to challenge tax assessments on property located outside of Milwaukee County. *Nankin* declared this restriction to be unconstitutional.

¶ 2. The trial court granted the City's motion to dismiss these consolidated cases. It held that despite *Nankin*, Wis. Stat. § 74.37 could not be used to challenge tax assessments on property in the City of Milwaukee. We disagree and reverse.[1]

■

¶ 3. This appeal requires us to analyze not only Wis. Stat. § 74.37, as it survives *Nankin*, but also related statutes. Our review is *de novo. See Truttschel v. Martin*, 208 Wis. 2d 361, 364–365, 560 N.W.2d 315, 317 (Ct. App. 1997) (trial court's statutory interpretation subject to *de novo* review). The goal of statutory analysis is, of course, to discern and apply the legislature's intent. *Wisconsin Patients Comp. Fund v. Physicians*

---

[1] The trial court did not assess the validity of the City's other defenses, and they will have to be decided by the circuit courts to which these cases will be assigned. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–444, 287 N.W.2d 140, 145–146 (1980) (appellate courts will generally not consider matters not previously ruled on by the trial court). We also do not discuss alternative arguments asserted by the taxpayers in support of their contention that the trial court's order should be reversed. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

We deny the City of Milwaukee's motion to either strike the reply brief filed by the taxpayers, or for permission to file a surreply brief. The City also seeks consolidation of this appeal with another appeal, No. 03–0092. This court has already issued an order in that case, denying the motion to consolidate and summarily reversing the trial court. *5616 Corp. v. Reavey*, No. 03–0092, unpublished slip op. (WI App Aug. 29, 2003).

*Ins. Co. of Wis., Inc.*, 2000 WI App 248, ¶ 9, 239 Wis. 2d 360, 368, 620 N.W.2d 457, 460–461. Here, as we will see, we have a statute that survives the excision of a part that *Nankin* held was unconstitutional. Accordingly, some special rules come into play to help us harmonize provisions that were once fully compatible with § 74.37 but, as a result of *Nankin*, now conflict with that statute.

¶ 4. WISCONSIN STAT. § 74.37 permits a taxpayer who contends that the "amount of general property tax imposed" is "excessive" to file a claim against "the taxation district" that "collected the tax." WIS. STAT. § 74.37(1) & (2)(a). The City is a "taxation district." *See* WIS. STAT. § 74.01(6). A taxpayer filing a claim under § 74.37 must do the following:

- put the claim "in writing"—§ 74.37(2)(b)1;

- "[s]tate the alleged circumstances giving rise to the claim"—§ 74.37(2)(b)2;

- "[s]tate as accurately as possible the amount of the claim"—§ 74.37(2)(b)3;

- sign the claim—§ 74.37(2)(b)4; and

- serve the claim "on the clerk of the taxation district . . . in the manner prescribed in s. 801.11 (4) by January 31 of the year in which the tax based upon the contested assessment is payable" —§ 74.37(2)(b)5.

Once all this is done, the "taxation district . . . shall notify the claimant by certified or registered mail whether the claim is allowed or disallowed within 90 days after the claim is filed." WIS. STAT. § 74.37(3)(b). If the claim is disallowed in whole or in part, "the claimant

727

may commence an action in circuit court to recover the amount of the claim not allowed." WIS. STAT. § 74.37(3)(d). Any action the taxpayer brings must be commenced "within 90 days after the claimant receives notice by registered or certified mail that the claim is disallowed." *Ibid.*

¶ 5. Before *Nankin*, every property taxpayer in Wisconsin could use WIS. STAT. § 74.37 *except* those contesting taxes on property within Milwaukee County; WIS. STAT. § 74.37(6) provided: "This section does not apply in counties with a population of 500,000 or more." Milwaukee County is the only county with a population exceeding 500,000, and the City of Milwaukee is within Milwaukee County. *Nankin* declared that § 74.37(6) violated the rights of Milwaukee County taxpayers to equal protection of the law guaranteed by WIS. CONST. art. I, § 1. *Nankin*, 2001 WI 92, ¶¶ 13–46, 245 Wis. 2d at 99–115, 630 N.W.2d at 147–155. *Nankin* thus struck § 74.37(6), severing it from the remainder of § 74.37, which *Nankin* held "will remain fully operative." *Nankin*, 2001 WI 92, ¶¶ 48–50, 245 Wis. 2d at 116–117, 630 N.W.2d at 155. The City contends that § 74.37 is "fully operative" except for taxpayers challenging assessments on property in the City of Milwaukee, and the trial court agreed, pointing to various provisions of the Wisconsin Statutes that it determined were inconsistent with the use of § 74.37 by these taxpayers. We now turn to those provisions.

A. *WISCONSIN STAT. § 74.37(2)(b)5.*

¶ 6. As we have already seen, WIS. STAT. § 74.37(2)(b)5 requires that a refund claim under WIS. STAT. § 74.37: "Be served on the clerk of the taxation district . . . in the manner prescribed in s. 801.11 (4) by January 31 of the year in which the tax based upon the

contested assessment is payable." The trial court held that this was impossible, given the City's workload. The trial court reflected:

> Both sides agree this is an impossibility for City of Milwaukee taxpayers. Given the large number of tax parcels and volume of business of the Board of Review, the Milwaukee Board is never be [*sic*] done by Jan. 31 and the taxpayers could never meet that deadline. To harmonize this inconsistency, the court would have to ignore the Jan. 31st deadline in order to permit a City of Milwaukee claim.

There are two problems with this rationale.

██

¶ 7. First, a citizen's resort to the courts may not be frustrated because inaction by the governmental body whose action the citizen seeks to contest makes impossible the citizen's compliance with rules requiring the citizen to act within a certain time. *See Calvert Cliffs' Coordinating Comm., Inc. v. U.S. Atomic Energy Comm'n*, 449 F.2d 1109, 1115 (D.C. Cir. 1971) (procedural mandates imposed on agency may not be avoided by "[c]onsiderations of administrative difficulty, delay or economic cost"); *State v. Gorsuch*, 554 F. Supp. 1060, 1066 (S.D.N.Y. 1983) (public comment on proposed agency rules should not be "undermined by the [agency] Administrator's delay in carrying out her duties").

¶ 8. Second, "[t]he cardinal principle of statutory construction is to save and not to destroy." *Town of Madison v. City of Madison*, 269 Wis. 609, 614, 70 N.W.2d 249, 252 (1955). Thus, where part of a statute is struck, portions of other statutes that conflict with the surviving statute should not be allowed to nullify full operation of the surviving statute—especially when

those now-inconsistent provisions were compatible with the statute before the excised part was removed. *See Turner v. City of Milwaukee*, 193 Wis. 2d 412, 420, 535 N.W.2d 15, 17 (Ct. App. 1995) (when statutes on the same subject conflict or are inconsistent with one another, courts must attempt to harmonize them in order to effectuate the legislature's intent); *cf. Pritchard v. Madison Metro. Sch. Dist.*, 2001 WI App 62, ¶ 13, 242 Wis. 2d 301, 312–313, 625 N.W.2d 613, 618 (sometimes, but not always, a later-enacted statute will prevail over earlier legislation with which it conflicts). Obeisance to legislative intent is so important that we may even insert words in a statute when that is necessary "to avoid conflicting provisions and an absurd result" that the legislature did not intend. *State v. Gould*, 56 Wis. 2d 808, 812, 202 N.W.2d 903, 906 (1973); *Foster v. Sawyer County*, 197 Wis. 218, 223, 221 N.W. 768, 770 (1928) (Courts may "reject words, or read words in place which seem to be there by necessary or reasonable inference, and substitute the right word for one clearly wrong, and so find the real legislative intent, though it be out of harmony with, or even contradict, the letter of the enactment.") (quoted source omitted).

¶ 9. The legislature's overarching intent in enacting Wis. Stat. § 74.37 was to ensure that most property taxpayers in Wisconsin had access to the courts with the full panoply of civil-action procedures with which to challenge a taxing district's property-tax assessment. *Nankin*, 2001 WI 92, ¶¶ 19–33, 245 Wis. 2d at 101–108, 630 N.W.2d at 148–155. Although the legislature also intended to deprive Milwaukee County property-taxpayers of the civil-action procedures it deemed appropriate for others in Wisconsin, such preference violated the right of Milwaukee County taxpayers to equal

protection of the law. *Id.*, 2001 WI 92, ¶¶ 13–46, 245 Wis. 2d at 99–115, 630 N.W.2d at 147–155. There is nothing in the legislative history—either as explored by *Nankin*, or provided to us by the parties—that suggests that the legislature would have intended the whole of § 74.37 to sink if the preference given to non-Milwaukee County taxpayers by WIS. STAT. § 74.37(6) was nullified. Indeed, as *Nankin* held, the history is to the contrary. *Nankin*, 2001 WI 92, ¶¶ 48–50, 245 Wis. 2d at 116–117, 630 N.W.2d at 155. We thus assume that the legislature—if forced to choose between either permitting every property taxpayer to use § 74.37, or permitting no taxpayer to use it—would have extended the statute's benefits to all. *See Nankin*, 2001 WI 92, ¶ 50, 245 Wis. 2d at 117, 630 N.W.2d at 155. After *Nankin*, we see the state-wide application of § 74.37 as the predominant legislative purpose, which must prevail over any statutes that would defeat its implementation. *See Byers v. Labor & Indus. Review Comm'n*, 208 Wis. 2d 388, 395, 561 N.W.2d 678, 681 (1997) (legislative intent is the key to resolution of conflicts between statutes).

¶ 10. It would make little sense and would defeat the intent of the legislature to apply provisions that were once—but no longer are—consistent with WIS. STAT. § 74.37, to deprive Milwaukee County property-taxpayers the use of § 74.37 merely because those taxpayers seek to contest City of Milwaukee tax assessments. Indeed, *Nankin* recognized that the legislature had made special rules for City of Milwaukee property-taxpayers, *Nankin*, 2001 WI 92, ¶¶ 16 n.6; 17 n.7; 26 n.10, 245 Wis. 2d at 100 nn.6, 7; 105 n.10, 630 N.W.2d at 147 nn.6, 7; 150 n. 10, but never even hinted that these provisions, some of which predated and were sheltered by WIS. STAT. § 74.37(6), would survive excision of that

subsection if they conflicted with the rest of § 74.37. Other than rhetoric and desire, the City offers nothing that would justify carving out—and imposing on § 74.37 by judicial fiat—a subsection-(6)-like exception for the City of Milwaukee. Significantly, *Nankin* recognized that full use of § 74.37 by all Wisconsin taxpayers would not unduly burden any of the counties' courts. *Nankin*, 2001 WI 92, ¶ 42, 245 Wis. 2d at 112–113, 630 N.W.2d at 153.

¶ 11. As we have seen, WIS. STAT. §§ 74.37(2)(a) and 74.37(2)(b)5 require that: "A claim for an excessive assessment . . . [b]e served on the clerk of the taxation district . . . by January 31 of the year in which the tax based upon the contested assessment is payable." This conflicts with WIS. STAT. § 70.47(16), which says that "[i]n 1st class cities," that is, in the City of Milwaukee, "all objections to the amount or valuation of real . . . property shall be first made in writing and filed with the commissioner of assessments on or before the 3rd Monday in May." Given the workload problems in the City asserted by the City and mentioned by the trial court, there is no reason why the January 31 deadline in § 74.37(2)(b)5 need be inviolable; there is no indication that the specific January 31 deadline is essential to any legislative purpose in connection with claims brought by Milwaukee County taxpayers challenging tax assessments by the City of Milwaukee. We thus see no reason why the "3rd Monday in May" deadline cannot, under the rules of statutory construction we have already discussed, be applied to taxpayers using WIS. STAT. § 74.37 to challenge assessments of their City of Milwaukee property. Accordingly, a claim filed by a City taxpayer using § 74.37 is timely if the claim is filed with the commissioner of assessments on or before the

third Monday in May. Additionally, an action seeking court review of an adverse action by the City Board of Review is timely if the action is commenced within ninety days after the taxpayer receives the notice of decision under Wis. Stat. § 70.47(12). This, of course, is also consistent with Wis. Stat. § 74.37(3)(d).

B. *Wisconsin Stat. §§ 74.37(4)(a) & 70.47.*

¶ 12. The trial court determined that what it saw as the irreconcilable conflict between Wis. Stat. §§ 74.37(4)(a) and 70.47 as preventing City of Milwaukee property-taxpayers from using Wis. Stat. § 74.37. We disagree.

¶ 13. Wisconsin Stat. § 74.37(4)(a) provides:

> No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47, except under s. 70.47 (13), have been complied with. This paragraph does not apply if notice under s. 70.365 was not given.[2]

(Footnote added.) Wisconsin Stat. § 70.47(13) provides:

> Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12).[3] The action shall be given preference. If the court on the appeal finds any

---

[2] Wisconsin Stat. § 70.365 requires assessors to tell taxpayers if a new assessment is "different" than an assessment "for the previous year" and is not material to our analysis here.

[3] Wisconsin Stat. § 70.85(1) permits taxpayers who contend that an assessment "is radically out of proportion to the general level of assessment of all other property" in a taxation district to "file a written complaint" with the Wisconsin Department of Revenue, and is not material to our analysis here.

error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order. For this purpose, if final adjournment of the board occurs prior to the court's decision on the appeal, the court may order the governing body of the assessing authority to reconvene the board.

(Footnote added.) The trial court recognized, as phrased in its written decision, that § 70.47(13) "doesn't apply to City of Milwaukee taxpayers," and further opined:

It is the Writ of Certiorari option for non-First Class City appellants only. To harmonize this inconsistency, the court would have to either, read into the statute a reference to [WIS. STAT. § 70.47](16) which is the Writ of Certiorari option for First Class City appellants, or ignore the reference to (13) as mere surplusage in cases of City of Milwaukee claimants.

We see no inconsistency between § 74.37(4)(a) and WIS. STAT. § 70.47 in this regard; § 74.37(4)(a) says that taxpayers need not comply with § 70.47(13) before they may use WIS. STAT. § 74.37. It is immaterial that City of Milwaukee taxpayers cannot comply with § 70.47(13); they never had to comply with it.

C. *WISCONSIN STAT. § 74.37(4)(b).*

¶ 14. The trial court pointed to WIS. STAT. § 74.37(4)(b) as another provision with which it would be impossible for City of Milwaukee taxpayers to comply. Section 74.37(4)(b) reads:

734

> No claim or action for an excessive assessment may be brought or maintained under this section unless the tax for which the claim is filed, or any authorized installment of the tax, is timely paid under s. 74.11 or 74.12.

The trial court noted in its written decision that WIS. STAT. §§ 74.11 and 74.12 do not apply to City of Milwaukee taxpayers, who are governed by another schedule, WIS. STAT. § 74.87. The trial court further wrote: "In order to harmonize the conflict here, the court would either have to add [74.87] or ignore the references to 74.11 and 74.12 as mere surplusage."

¶ 15. As we have already seen, however, things are different in the post-*Nankin* world than they were before. Again, under the rules of statutory construction we have already discussed, the intent of the legislature that protesting taxpayers must first pay their taxes before they may use WIS. STAT. § 74.37 can be easily obeyed by, as the trial court recognized, substituting the provision applicable to City of Milwaukee taxpayers; the pre-payment concept is the significant part of the legislative scheme, not the specific provision implementing that scheme. Thus, we reaffirm that no taxpayer may use § 74.37 "unless the tax for which the claim is filed, or any authorized installment of the tax, is timely paid" but hold that what is or what is not "timely" must be ascertained by the statutes applicable to the City of Milwaukee.

### D. *WISCONSIN STAT. § 74.37(4)(c)*.

¶ 16. The trial court also pointed to WIS. STAT. § 74.37(4)(c) as another provision with which it would be impossible for City of Milwaukee taxpayers to comply. Section 74.37(4)(c) provides:

No claim or action for an excessive assessment may be brought or maintained under this section if the assessment of the property for the same year is contested under s. 70.47 (13) or 70.85. No assessment may be contested under s. 70.47 (13) or 70.85 if a claim is brought and maintained under this section based on the same assessment.

The trial court wrote in its decision:

This section states that a claim may not be brought if a taxpayer brings a Writ of Certiorari under 70.47(13). But City of Milwaukee taxpayers don't bring Writs of Cert. under (13). They bring them under (16), which are specifically entitled Appeals for First Class taxpayers. The omission of any reference to (16) in 74.37(4)(c) read literally, means that City of Milwaukee taxpayers could bring BOTH a Writ of Certiorari and a claim under 74.37. But that reading would clearly frustrate the long-established legislative intent of exclusivity of methods of tax appeal. To harmonize the statutes, the court would either have to frustrate the clear legislative intent or to read-in a reference to (16).

(Uppercasing in original.) We disagree.

¶ 17. First, as we have already discussed, WIS. STAT. § 70.47(13) does not apply to City of Milwaukee taxpayers. There is thus no conflict. Second, as to the trial court's concern that City of Milwaukee taxpayers will attempt to use *both* WIS. STAT. §§ 74.37 and 70.47(16) to challenge a tax assessment, we question whether, given the clear advantages of the procedures authorized by § 74.37, *Nankin*, 2001 WI 92, ¶¶ 19–33, 245 Wis. 2d at 101–108, 630 N.W.2d at 148–151, any City of Milwaukee taxpayer would be tempted to also use the writ-of-certiorari procedure set out in § 70.47(16). We need not venture there now:

736

"Grotesque or fanciful situations, such as those supposed, will have to be dealt with when they arise." *Gaines v. City of New York*, 109 N.E. 594, 596 (N.Y. 1915) (Cardozo, J.).

E. *WISCONSIN STAT. § 70.47(16).*

¶ 18. As we have seen, WIS. STAT. § 70.47(16) provides that an appeal from a decision by the City of Milwaukee Board of Review "shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice [of decision] under [WIS. STAT. § 70.47(12)]." This, of course, conflicts with the post-*Nankin* WIS. STAT. § 74.37. As such, it must give way. As *Byers* teaches, resolution of a direct conflict between statutes must implement the predominant legislative goal. *See Byers*, 208 Wis. 2d at 395, 561 Wis. 2d at 681. Here, once *Nankin* struck WIS. STAT. § 74.37(6), the remainder of the "fully operative" § 74.37, *Nankin*, 2001 WI 92, ¶ 50, 245 Wis. 2d at 117, 630 N.W.2d at 155, and its resulting state-wide application, must govern. Stated another way, § 74.37 trumps any provision that was once, but no longer is, consistent with its provisions, and this includes that part of § 70.47(16) that says that those contesting City of Milwaukee property-tax assessments may only seek judicial review of those assessments *via* certiorari.

**By the Court.**—Order reversed, motions denied and causes remanded.[4]

---

[4] The brief submitted to us by the City of Milwaukee is overly tendentious and lacks the civility that lawyers owe to both their adversaries and to the courts. The following has no place in a brief before any court in this state: accusing an opposing party of seeking "political anarchy" (capitalization omitted), "anarchy," "anarchy with a vengeance," and "taxpayer anarchy," which the City's brief does on pages fifteen, nineteen, twenty, and twenty-two; accusing an opposing party of "creating a 'sideshow,'" which the City's brief does on page twenty; accusing an opposing party of advancing "crazy arguments" that "are ludicrous," which the City's brief does on page twenty-two; characterizing an opponent's arguments as "hogwash" (capitalization omitted), which the City's brief does on pages twenty-two and twenty-four; accusing an opposing party of being an "obstructionist," which the City's brief does on page forty-two; accusing opposing parties of being "obstructionist-anarchists," which the City's brief does on page fifty; contending that a decision in an opponent's favor would "reward anarchy," which the City's brief does on page fifty; characterizing an opponent's argument as "ridiculous," which the City's brief does on page fifty-two; and characterizing an opponent's argument as "crazy," which the City's brief does on page fifty-two.

In our view, these comments violate SCR 62.02(1)(a), because they do not reflect a "cordial and respectful demeanor"; SCR 62.02(1)(b), because they are not "civil"; SCR 62.02(1)(c), because they are "disparaging, demeaning [and] sarcastic"; and SCR 62.02(1)(d), because they are "uncivil, abrasive, abusive, hostile, [and] obstructive." We have previously warned appellate lawyers for the City, although not current counsel, that hyperbole is "unworthy of government lawyers." *Milwaukee Police Ass'n v. City of Milwaukee*, 2002 WI App 43, ¶ 13 n.3, 250 Wis. 2d 676, 688 n.3, 641 N.W.2d 709, 715 n.3. It is unworthy of all lawyers. *See Aspen Servs., Inc. v. IT Corp.*, 220 Wis. 2d 491, 509, 583 N.W.2d 849, 856 (Ct. App. 1998) ("Civility is one aspect of professionalism that all attorneys should strive for.").