Kristy HAFERMAN, Toby Haferman, Sr. and Toby Haferman, Jr., a minor, by his Guardian ad Litem, Richard H. Schulz, Plaintiffs-Respondents,†

v.

ST. CLARE HEALTHCARE FOUNDATION, INC. d/b/a St. Clare Hospital, Wisconsin Hospital Association and Wisconsin Patients Compensation Fund, Defendants,

Donald W. VANGOR, M.D., and Physicians Insurance Company of Wisconsin, Defendants-Appellants.

Court of Appeals

*No. 03–1307. Submitted on briefs February 11, 2004.—Decided September 2, 2004.*

2004 WI App 206

(Also reported in 689 N.W.2d 636.)

† Petition to review granted 12-15-2004.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Curt Swanson* and *David J. Pliner* of *Corneille Law Group*, Madison.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Jeremi K. Young* of *The Law Offices of Jeffrey H. Rasansky, P.C.*, Dallas, Texas, and *Richard Schulz* of *Schulz, Duffey & O'Brien, S.C.*, Milwaukee.

A nonparty brief was filed by *David E. McFarlane* and *Sheila M. Sullivan* of *Bell, Gierhart & Moore, S.C.*, Madison, for Wisconsin Patients Compensation Fund.

Before Deininger, P.J., Dykman and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J.   Dr. Donald W. Vangor and his insurance carrier, Physicians Insurance Company of Wisconsin (collectively Vangor), appeal a nonfinal order denying Vangor's motion for summary judgment in this medical malpractice action. Vangor argues the circuit court erred by concluding that WIS. STAT.

§ 893.16 (2001–02)[1] was the applicable statute of limitation, thereby finding that Toby Haferman, Jr.'s claim was filed timely. Vangor argues that the applicable statute of limitation is Wɪs. Sᴛᴀᴛ. § 893.55(1)(a) and under that statute Toby Jr.'s lawsuit is time-barred. We conclude the circuit court erred by determining that § 893.16 was the applicable statute of limitation; we further conclude that the applicable statute of limitation is § 893.55(1)(a), which provides that medical malpractice suits must be filed within three years of the date from which the action accrued. Since Toby Jr.'s medical malpractice claim allegedly accrued more than three years prior to the filing of this suit, this action is time-barred. Therefore, we reverse the circuit court's order denying Vangor's motion for summary judgment and remand with directions to grant summary judgment in Vangor's favor and dismiss the complaint against him.

## FACTS

¶ 2.    The facts necessary to this appeal are few and undisputed. Toby Jr. was born on February 10, 1991, and is developmentally disabled.[2] Vangor concedes, for the purpose of this appeal, that Toby Jr. suffers from cerebral palsy; the Hafermans allege that Toby Jr.'s

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

[2] The Hafermans argue that a factual dispute exists regarding whether Toby Jr. suffers from a mental illness as opposed to being developmentally disabled. This argument is undeveloped and is without merit. The Hafermans concede Toby Jr. is developmentally disabled. There are no facts of record establishing Toby Jr. is mentally ill. We therefore do not address this argument.

disability was the result of the negligence of Vangor and St. Clare Healthcare Foundation d/b/a St. Clare Hospital (St. Clare).

¶ 3.   On September 4, 2002, the Hafermans sued Vangor, St. Clare, the Wisconsin Hospital Association and the Wisconsin Patients Compensation Fund for negligence. Vangor moved for summary judgment, arguing that the Hafermans' claim was barred by the statute of limitations; St. Clare filed a similar motion.

¶ 4.   The circuit court denied Vangor's summary judgment motion. The circuit court concluded the Hafermans' claims were governed by WIS. STAT. § 893.16 and the lawsuit was timely filed pursuant to that statute. Vangor filed a petition for leave to appeal this nonfinal order, which we granted.

## DISCUSSION

■

¶ 5.   We review a circuit court's grant or denial of summary judgment de novo, owing no deference to the circuit court's decision. *Selzer v. Brunsell Bros., Ltd.*, 2002 WI App 232; ¶ 10, 257 Wis. 2d 809, 652 N.W.2d 806. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *see also* WIS. STAT. § 802.08(2). We will reverse a decision granting summary judgment if either (1) the circuit court incorrectly decided legal issues or (2) material facts are in dispute. *Selzer*, 257 Wis. 2d 809, ¶ 10.

■

¶ 6.   The sole issue before us is which statute of limitation applies to Toby Jr.'s medical malpractice claim. This issue raises a question of statutory interpretation we also review de novo. *State v. Sveum*, 2002

WI App 105, ¶ 5, 254 Wis. 2d 868, 648 N.W.2d 496. Statutory construction has the purpose of assisting the court to discern and apply legislative intent. *Fox v. Catholic Knights Ins. Soc'y*, 2003 WI 87, ¶ 19, 263 Wis. 2d 207, 665 N.W.2d 181. If statutory language is unambiguous, we apply the statute using the common and generally accepted meanings of the terms and may refer to a recognized dictionary to determine the common meaning of terms. *Id.* The rules of statutory construction preclude us from using legislative history to uncover ambiguity where otherwise none exists. *Id.* When a statute unambiguously expresses the intent of the legislature, we apply that meaning without resorting to any extrinsic sources. *State v. Peters*, 2003 WI 88, ¶ 14, 263 Wis. 2d 475, 665 N.W.2d 171.

¶ 7.    Here, the circuit court concluded the Hafermans' claims were governed by WIS. STAT. § 893.16, applying the rationale expressed by a federal district court construing WIS. STAT. § 893.18[3] in *Zielke v. Wausau Memorial Hospital*, 529 F. Supp. 571 (W.D. Wis. 1982). The *Zielke* court determined that § 893.18 was the applicable statute of limitation to a claim filed involving virtually identical factual circumstances. We are not bound by decisions of lower federal courts in interpreting Wisconsin law. *Johnson v. County of Crawford*, 195 Wis. 2d 374, 383, 536 N.W.2d 167 (Ct. App. 1995). We may rely on the analysis by a federal court's interpretation of Wisconsin law if that analysis proves instructive. *See The Baldewein Co. v. Tri-Clover, Inc.*,

---

[3] WISCONSIN STAT. § 893.18 applies to a cause of action accruing prior to July 1, 1980. This statute is the duplicate of WIS. STAT. § 893.16, except that § 893.16 applies to actions accruing July 1, 1980 and thereafter.

2000 WI 20, ¶ 10, 233 Wis. 2d 57, 606 N.W.2d 145. We reject the *Zielke* court's construction of § 893.16 because it failed to consider the clear and unambiguous language of that statute.

■

¶ 8.   Vangor argues that WIS. STAT. § 893.16 does not apply to a minor's action against a health care provider, § 893.16 does not apply to a minor with developmental disabilities and § 893.16 does not apply where a plaintiff alleges a disability caused by the defendant's negligence. We conclude that a plain reading of the unambiguous language of § 893.16 establishes that § 893.16 does not apply to the Hafermans' claim.

¶ 9.   WISCONSIN STAT. § 893.16 generally tolls statutes of limitation for persons under a disability:

> **(1) If a person entitled to bring an action is, at the time the cause of action accrues, either under the age of 18 years, except for actions against health care providers; or mentally ill, the action may be commenced within 2 years after the disability ceases, except that where the disability is due to mental illness, the period of limitation prescribed in this chapter may not be extended for more than 5 years.**
>
> (2) Subsection (1) does not shorten a period of limitation otherwise prescribed.
>
> (3) A disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues.
>
> (4) When 2 or more disabilities coexist at the time the cause of action accrues, the 2–year period specified in sub. (1) does not begin until they all are removed.

(5) This section applies only to statutes in this chapter limiting the time for commencement of an action or assertion of a defense or counterclaim except it does not apply to:

(a) Actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for escape;

(b) Extend the time limited by s. 893.33, 893.41, 893.59, 893.62, 893.73 to 893.76, 893.77 (3), 893.86 or 893.91 or subch. VIII for commencement of an action or assertion of a defense or counterclaim; or

(c) A cause of action which accrues prior to July 1, 1980.

(Emphasis added.)

¶ 10.   The unambiguous language of this tolling statute plainly precludes the Hafermans' claim. Toby Jr. was under the age of 18 when his cause of action allegedly accrued and his claims are against health care providers. Section 893.16(1) plainly provides that its tolling limitation period does not apply to those under the age of 18 who sue health care providers.

¶ 11.   In addition, WIS. STAT. § 893.16(3) states "A disability does not exist, for the purposes of this section, unless it existed when the cause of action accrues." We have previously concluded that the legislature intended this subsection to apply where the disability existed at the time of the plaintiff's injury, not where the disability resulted from the incident causing the plaintiff's injury. *Carlson v. Pepin County*, 167 Wis. 2d 345, 352, 481 N.W.2d 498 (Ct. App. 1992). Accordingly, we further conclude that § 893.16 does not apply to the Hafermans' claim because Toby Jr.'s disability resulted from Vangor's alleged negligence. *See id.*

¶ 12. The parties further agree that the statute of limitation in Wis. Stat. § 893.56 is equally inapplicable here. Section 893.56 addresses minors' actions against health care providers and reads

> Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

It is undisputed that Toby Jr. was more than ten years of age and under disability by reason of a developmental disability when this action was commenced. We agree with the parties that the Hafermans' claims are not saved by § 893.56.

¶ 13. The question then remains: if Wis. Stat. §§ 893.16 and 893.56 are inapplicable, what statute of limitation applies? We turn to Wis. Stat. § 893.55,[4]

---

[4] Actually, Wis. Stat. § 893.55 is considered to be both a statute of limitation and a statute of repose.

> Statutes of repose operate differently from statutes of limitations. A statute of limitations usually establishes the time frame within which a claim must be initiated after a cause of action actually accrues. A statute of repose, by contrast, limits the time period within which an action may be brought based on the date of an act or omission. A statute of repose does not relate to the accrual of a cause of action. In fact, it may cut off litigation *before* a cause of action arises.

165

which states, in relevant part,

> (1) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

> (a) Three years from the date of the injury, or

> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

We conclude that the three-year statute of limitation in § 893.55(1)(a) is the only statute of limitation applicable to this case.[5] The Hafermans seek to recover damages for injury caused to Toby Jr. arising from

_Wenke v. Gehl Co._, 2004 WI 103, ¶ 50, 274 Wis. 2d 220, 682 N.W.2d 405 (citation omitted). Section 893.55(1)(b), a statute of repose, requires a medical malpractice action be brought no later than five years from the date the injury was discovered or should have been discovered. Here, § 893.55(1)(a), a statute of limitation, requires a plaintiff injured due to medical malpractice to commence an action within three years from the date of the injury. In this case, § 893.55(1)(a) governs the time within which the Hafermans' claim was to be filed.

[5] The result in this case is troubling given that the legislature has, through Wis. Stat. § 893.56, provided more time for young children to file medical malpractice suits than the three years provided in Wis. Stat. § 893.55(1)(a). In creating Wis. Stat. § 893.56, the legislature decided that the interests of very young children would be fully protected by extending the time limit for filing medical malpractice claims to age ten. _See_ ch. 390, Laws of 1977 at § 1(e); _Aicher v. Wisconsin Patients Comp. Fund_, 2000 WI 98, ¶¶ 22–23, 237 Wis. 2d 99, 613 N.W.2d 849.

Vangor's negligent handling of Toby Jr.'s birth. The Hafermans' cause of action accrued, according to their complaint, on the day of Toby Jr.'s birth, February 10, 1991. This action was filed on September 4, 2002, long past the three-year expiration of the statute of limitations of § 893.55(1)(a), and thus is time-barred. In the absence of any other applicable tolling statute, § 893.55(1)(a) applies to the facts of this case.

¶ 14.   Dr. Vangor is entitled to summary judgment dismissing the complaint on the ground that this action was not timely filed under § 893.55(1)(a). We reverse the order denying the motion for summary judgment and remand for the court to enter an order consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.

¶ 15. DYKMAN, J. (*dissenting*).   There is one thing upon which all three judges on this panel agree:   The result the majority reaches is absurd. Majority at ¶ 13. Where we differ is on what to do about it.

¶ 16.   Wisconsin Courts have been declaring the meaning of statutes for some time. *See Kensler v. Brunett*, 1 Pin. 112, Bur. 5 (Wis. Terr. 1841) (stating that fees of justice of the peace and not all costs before the justice are embraced in statute). *See also State ex*

The legislature, however, excepted minors who are developmentally disabled from the extended statute of limitations without protecting their interests in any other statute, thereby, by default, bringing these children under the "adult" statute of limitations of three years. Wis. Stat. § 893.55(1)(a). We recommend the legislature address what we perceive to be an illogical gap in the statute of limitations scheme for protecting young children with developmental disabilities caused by medical malpractice.

*rel. Kalal v. Circuit Court,* 2004 WI 58, ¶ 53, 271 Wis. 2d 633, 681 N.W.2d 110 (determining that the statute providing remedies for refusal to prosecute was unambiguous because the word refusal had a common and accepted meaning). Over the years, Wisconsin courts have developed various rules for ascertaining the meaning of statutes. One of these rules is that we are to search for the legislature's intent in enacting a statute. *See School Directors of Pelican v. School Directors of Rock Falls,* 81 Wis. 428, 51 N.W. 871 (1892) (holding that when courts know the mischief the legislature intended to remedy, it is their duty to construe a statute to suppress the mischief); *see also State v. Jackson,* 2004 WI 29, ¶ 12, 270 Wis. 2d 113, 676 N.W.2d 872 (averring that a court's goal in interpreting a statute is to discern its legislative intent).

¶ 17.   A long-standing and well-accepted corollary to the requirement that we search for legislative intent is that we apply statutes as they were written, unless to do so would lead to an absurd result that did not reflect the legislature's intent.[1] *State v. Carchidi,* 187 Wis. 438, 443, 204 N.W. 473 (1925); *see also, State v. Young,* 180 Wis. 2d 700, 704, 511 N.W.2d 309 (1993). Since the majority agrees that its result is absurd, it would seem that we all should have searched for a meaning that did not reach an absurd result. Unfortunately, the majority has not done so.

¶ 18.   Were I writing for the majority, I would

---

[1] A LOIS search for the words "absurd result" yielded 276 cases in which this term was used. An analysis of the first forty of these cases revealed that that phrase was used in the context of statutory interpretation seventeen times.

analyze WIS. STAT. §§ 893.55 and 893.56 (2001–02)[2] to find all of their possible meanings. I agree with the majority that in suits against health care providers, the statute of limitations is three years from the date of injury or one year from the date the injury is discovered, with a maximum time of five years from the date of the injury. That is the unambiguous rule of § 893.55.

¶ 19.  There is an exception to the rule of WIS. STAT. § 893.55 in WIS. STAT. § 893.56. The exception is that the statute of limitations for children under the age of ten is either (1) the limitation of § 893.55; or (2) the date on which they reach ten years of age, whichever is longer. I conclude that this exception is unambiguous. The legislative intent behind this exception is obvious:  Children under the age of ten cannot be expected to recognize concepts of duty, breach, causation and damages that are the foundation of Wisconsin's negligence law. They should therefore be given extra time to begin suits against health care providers who injure them.

¶ 20.  But there is an exception to the exception. It provides that the only children who are within the exception to the rule of WIS. STAT. § 893.55 are those who are not under disability caused by insanity, developmental disability or imprisonment. That's where the trouble starts. The majority concludes that the only interpretation of this exception is that children who are insane, developmentally disabled or imprisoned are not entitled to the ten-year statute of limitations. Instead, they must bring their negligence actions within a maximum of five years from the date of injury.

---

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

169

¶ 21. The majority doesn't explain why the legislature would choose to penalize children who fall within these three categories. The rational result would be to give those children more time to seek redress for their injuries. Having given the matter considerable thought, I cannot discover a reason why insane, developmentally disabled or imprisoned children would be required to bring their negligence suits in half the time allotted to children not under those disabilities. This interpretation assumes a punitive and irrational legislature, an explanation I do not accept.

¶ 22. But there is another way to interpret WIS. STAT. § 893.56. A rational legislature could have concluded that while most children might need a longer limitations period than adults to bring negligence lawsuits, some children might need even more time due to a disability other than age. It is irrational and absurd to conclude that the legislature intended to benefit all children except those who are insane, developmentally disabled or imprisoned. The "stitch" dropped by the legislature was to specifically provide an extended statute of limitations for those excepted in § 893.56, though it is obvious that this provision was intended. The solution from reading the two statutes I have discussed together with WIS. STAT. § 893.16 is that the legislature intended to benefit children under the three categories of disability more than other children, but that even those children must bring negligence suits by no later than their eighteenth birthday or within the limits of WIS. STAT. § 893.55, whichever is longer.

¶ 23. The problem with the majority's interpretations of the various statutes it examines is that it adopts a rigid rule which it imports from cases such as *Kalal*: If a statute is unambiguous, we will follow it. Period. But where the majority goes astray is by ending its

analysis there. We have noted that "[i]f the language of the statute is clear and unambiguous, we *normally* apply it to the facts at hand without further analysis." *Gasper v. Parbs*, 2001 WI App 259 ¶ 8, 249 Wis. 2d 106, 637 N.W.2d 399 (emphasis added).

¶ 24.   "However, the plain language of a statute should not be construed in a manner that leads to absurd or unreasonable results." *Gasper*, 249 Wis. 2d 106, ¶ 8. If a statute leads to an absurd result, "[t]he court may insert or reject words necessary or reasonably inferable." *State v. Gould*, 56 Wis. 2d 808, 812, 202 N.W.2d 903 (1973). *Accord, Pfingsten v. Pfingsten*, 164 Wis. 308, 313, 159 N.W. 21 (1916); *State v. Williams*, 198 Wis. 2d 516, 534, 544 N.W.2d 406 (1996); *State v. Berndt*, 161 Wis. 2d 116, 123, 467 N.W.2d 205 (Ct. App. 1991); *State v. Cole*, 2003 WI 59, ¶ 32, n.33, 262 Wis. 2d 167, 663 N.W.2d 700. "Obeisance to legislative intent is so important that we may even insert words in a statute when that is necessary to avoid conflicting provisions and an absurd result that the legislature did not intend." *U.S. Bank National Assn. v. City of Milwaukee*, 2003 WI App 220, ¶ 8, 267 Wis. 2d 718, 672 N.W.2d 492. That is what I would do. From the statutes examined here, I conclude that the legislature intended children who are insane, developmentally disabled or imprisoned to have until age eighteen or a later time permitted by Wis. Stat. § 893.55 to bring negligence action against health care providers.

¶ 25.   I do not think it necessary to recommend that the legislature address something it has already addressed, albeit imperfectly. The legislative intent to benefit persons under a disability is obvious; it is only the imperfect drafting of the statute that led to the result the majority chooses. Courts have remedied problems like the one before us on many occasions in

the past, and I would do so here. Because the majority does not, I respectfully dissent.