STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael D. JACKSON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 02–0947–CR. Oral argument November 11, 2003.—
Decided March 26, 2004.*

2004 WI 29

(Also reported in 676 N.W.2d 872.)

For the defendant-appellant-petitioner there were briefs by *Joseph E. Schubert* and *Brennan & Collins,* Milwaukee, and oral arguments by *Joseph E. Schubert.*

For the plaintiff-respondent the cause was argued by *Lara M. Herman,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. ANN WALSH BRADLEY, J.   The petitioner, Michael Jackson, seeks review of an unpublished decision of the court of appeals affirming a circuit court judgment of conviction and order denying postconvic-

tion relief.[1] As a repeat offender, Jackson was convicted of operating a motor vehicle without owner's consent, a Class E felony, and fleeing an officer, an unclassified felony.

¶ 2. This case addresses how penalty enhancers are to be applied to unclassified felonies in calculating the maximum term of confinement under Truth-in-Sentencing I.[2] Jackson contends that the court of appeals erred in calculating the maximum term of his available confinement by failing to add the six-year penalty enhancer to the full term of imprisonment pursuant to Wis. Stat. § 939.62 (1997–98).[3] He also advances that the court should have bifurcated the penalty enhancer between confinement and extended supervision, allocating 75% of it to the maximum term available for confinement.

¶ 3. We agree with the court of appeals that the penalty enhancer is neither subject to bifurcation nor is it to be added to the underlying term of imprisonment pursuant to Wis. Stat. § 939.62. However, we also determine that the court of appeals' reliance on Wis. Stat. § 973.01(2)(d), the statute specifying that the

[1] *State v. Jackson*, No. 02–0947, unpublished slip op. (Wis. Ct. App. April 24, 2003) (affirming a judgment and an order of the circuit court for Milwaukee County, Daniel L. Konkol, Judge).

[2] Wisconsin adopted Truth-in-Sentencing legislation in two phases. The first phase, TIS-I, was enacted in June 1998 and applied to offenses committed on or after December 31, 1999. *See* 1997 Wis. Act 283. The second phase, TIS-II, was enacted in July 2002 and became effective February 1, 2003. *See* 2001 Wis. Act 109. Because Jackson was sentenced under the provisions of TIS-I, this case does not address the recent changes of TIS-II.

[3] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

extended supervision term imposed by the court be at least 25% of the term of confinement imposed, was misplaced. Ultimately, although our method of calculations differs from that used by the court of appeals, we affirm because the difference here in the calculations has no practical effect on Jackson's sentence.

I

¶ 4. Jackson was convicted of both operating a motor vehicle without owner's consent and fleeing an officer. Operating a vehicle without owner's consent is a Class E felony with a maximum sentence of five years of imprisonment. Wis. Stat. § 939.50(3)(e). Fleeing an officer is an unclassified felony with a maximum sentence of three years of imprisonment. Wis. Stat. § 346.17(3)(a). As a repeat offender, Jackson was subject to a penalty enhancer of six years of imprisonment on each count. Wis. Stat. § 939.62(1)(b).

¶ 5. Because Jackson was charged and convicted under Truth-in-Sentencing I (TIS-I), his sentence of imprisonment was bifurcated into a term of confinement followed by a term of extended supervision.[4] Without a penalty enhancer, the maximum term of confinement for the Class E felony was two years, while the maximum term of confinement for the unclassified felony was two years, three months. Wis. Stat. § 973.01(2). With the repeater penalty enhancer, the circuit court increased the maximum term of confinement for each offense by six years.

---

[4] Under Truth-in-Sentencing legislation, the term "imprisonment" does not mean time in prison. Rather, "imprisonment" consists of both the time of confinement (in prison) and the time following the confinement spent on extended supervision. *See* Wis. Stat. § 973.01(1).

¶ 6. At sentencing, due to a misunderstanding, the circuit court indicated that without the penalty enhancer, the maximum term of confinement for the unclassified felony was "something like 18 months" when in fact it was 27 months. Based on that error, the circuit court sentenced Jackson with the belief that the maximum amount of confinement he faced with the repeater enhancer was seven years, six months (18 months + 72 months = 90 months) for the unclassified fleeing charge. The court correctly determined that with the penalty enhancer, the maximum amount of confinement for operating a motor vehicle without owner's consent, the Class E felony, was eight years (24 months + 72 months = 96 months). Jackson was sentenced to eight years (96 months) of imprisonment on each count, consisting of six years (72 months) of confinement and two years (24 months) of extended supervision, to run concurrently.

¶ 7. Jackson subsequently filed a motion for postconviction relief, arguing that the circuit court incorrectly calculated the maximum terms of confinement for both the classified and unclassified felony convictions. He claimed that because the general repeater penalty enhancer statute states that the "maximum term of imprisonment" may be increased, the circuit court was required to add the penalty enhancer to the term of imprisonment and then to bifurcate the six-year penalty enhancer into a term of confinement and extended supervision before adding it to the confinement and extended supervision on his underlying offenses. Accordingly, Jackson argued that under Wis. Stat. § 973.01(2)(b)6, the court could add only 75% of the six-year penalty enhancer (54 months) to his underlying terms of confinement. The circuit court denied the

motion, concluding that it had properly added the penalty enhancer. Jackson appealed.

¶ 8. The court of appeals affirmed the circuit court. *State v. Jackson*, No. 02–0947, unpublished slip op. at ¶ 2 (Wis. Ct. App. April 24, 2003). In doing so, it noted that Jackson's argument for bifurcating the penalty enhancer conflicted with *State v. Volk*, 2002 WI App 274, ¶¶ 35–36, 258 Wis. 2d 584, 654 N.W.2d 24, which held that penalty enhancers are to be added to the term of confinement and not to extended supervision. *Id.*, ¶ 8. The court explained that while a penalty enhancer is added to the underlying maximum term of confinement, the 25% rule of Wis. Stat. § 973.01(2)(d) regarding extended supervision may serve to limit the time actually available to be served in confinement. *Id.*, ¶ 9.

¶ 9. After a series of mathematical calculations, the court of appeals concluded that the circuit court sentenced Jackson on the Class E felony with a correct understanding of the maximum term of confinement, eight years (96 months), but sentenced him on the unclassified felony under the mistaken belief that the maximum term of confinement was seven years, six months (90 months). *Id.*, ¶ 17. The court determined that the true maximum term of confinement for the unclassified felony was actually seven years, two and four-tenths months (86.4 months). *Id.*

¶ 10. Nevertheless, it affirmed the judgment of conviction and order denying postconviction relief, reasoning that because the circuit court had sentenced Jackson to concurrent terms on each count, the conviction for the Class E offense would remain unchanged, and the reduction of the unclassified felony would have no practical effect upon his sentence. *See id.*, ¶ 19. The court invited Jackson to file a motion for reconsidera-

tion if he still sought resentencing, but Jackson instead filed a petition for review with this court.

## II

¶ 11. This case addresses how penalty enhancers are applied at sentencing in determining the maximum term of confinement for unclassified felonies under TIS-I. Our resolution of this case involves the interpretation of several statutes. The interpretation of a statute presents a question of law subject to independent appellate review. *State v. Byers,* 2003 WI 86, ¶ 12, 263 Wis. 2d 113, 625 N.W.2d 359 (citing *State v. Setagord,* 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997)).

¶ 12. Our goal in interpreting a statute is to discern the intent of the legislature. *See State v. Cole,* 2003 WI 59, ¶ 13, 262 Wis. 2d 167, 663 N.W.2d 700. When there is doubt as to the meaning of a criminal statute, courts should apply the rule of lenity and interpret the statute in favor of the accused. *Id.* (citing *State v. Morris,* 108 Wis. 2d 282, 289, 322 N.W.2d 264 (1982); *State v. Wilson,* 77 Wis. 2d 15, 28, 252 N.W.2d 64 (1977)).

## III

¶ 13. We begin our discussion by examining the relevant statutes. Since this case involves the application of a penalty enhancer, we look first to Wis. Stat. § 939.62, which provides for penalty enhancers for repeat offenders. It states in part:

939.62 Increased penalty for habitual criminality.

(1) If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed . . . the maximum *term of imprisonment* prescribed by law for that crime may be increased as follows:

. . . .

(b) A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(Emphasis added).

¶ 14.  In this case, Jackson concedes that he is a repeater on the basis of a prior felony conviction. Accordingly, the "maximum term of imprisonment" for each of his offenses is increased by six years. Wis. Stat. § 939.62(1)(b).

¶ 15.  Our inquiry encompasses the application at sentencing of penalty enhancers to unclassified felonies under TIS-I legislation. Wisconsin Stat. § 973.01 represents Truth-in-Sentencing as it existed under TIS-I. Wis. Stat. § 973.01(1) requires a circuit court to impose a bifurcated sentence consisting of a term of confinement followed by a term of extended supervision whenever it sentences a person to "imprisonment." It states:

973.01 Bifurcated sentence of imprisonment and extended supervision.

(1) BIFURCATED SENTENCE REQUIRED. Except as provided in sub. (3), whenever a court sentences a person to imprisonment in the Wisconsin state prisons for a felony committed on or after December 31, 1999, the court shall impose a bifurcated sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113.

121

¶ 16. The structure for each bifurcated sentence is set forth in Wis. Stat. § 973.01(2). Subdivisions 1 to 5 of Wis. Stat. § 973.01(2)(b) specify the maximum term of confinement for classified felonies. Subdivision 6 addresses the maximum term of confinement for unclassified felonies, which is the focus of our inquiry. The provisions relating to unclassified felonies under Wis. Stat. § 973.01(2)(b)6 provide in part:

> (2) STRUCTURE OF BIFURCATED SENTENCES. The court shall ensure that a bifurcated sentence imposed under sub. (1) complies with all of the following:
>
> . . . .
>
> (b) Imprisonment portion of bifurcated sentence. The portion of the bifurcated sentence that imposes a term of confinement in prison may not be less than one year, subject to any minimum sentence prescribed for the felony, and, except as provided in par. (c), may not exceed whichever of the following is applicable.
>
> [Subds. (b) 1 to 5 list the maximum term of confinement for classified felonies B through E]
>
> 6. For any felony other than a felony specified in subds. 1. to 5., the term of confinement in prison may not exceed 75% of the total length of the bifurcated sentence.

¶ 17. The key to understanding the applicability of penalty enhancers under TIS-I lies in Wis. Stat. § 973.01(2)(c), which is entitled "[p]enalty enhancement." The first sentence of the provision directs the sentencing court to add the penalty enhancer to the maximum term of confinement. The second explains the relationship between the increased term of confinement and the overall term of imprisonment. Wis. Stat. § 973.01(2)(c) states:

(c) Penalty enhancement. The *maximum term of confinement* in prison specified in par. (b) may be increased by any applicable penalty enhancement. If the maximum term of confinement in prison specified in par. (b) is increased under this paragraph, the total length of the bifurcated sentence that may be imposed is increased by the same amount.

(emphasis added).

¶ 18. Despite the language of Wis. Stat. § 973.01(2)(c), Jackson contends that the court of appeals erred in adding the entire six years of enhancement to the underlying term of confinement. He argues that the enhancer should have instead been added to the term of imprisonment pursuant to Wis. Stat. § 939.62. Additionally, he asserts that the penalty enhancer should be bifurcated between confinement and extended supervision with 75% of the six-year enhancer (54 months) added to his underlying term of confinement under Wis. Stat. § 973.01(2)(b)6.[5]

¶ 19. The State counters that Wis. Stat. §§ 939.62(1)(b) and 973.01(2)(c) unambiguously provide that the six-year repeater penalty enhancer should be added to the underlying maximum term of confinement that could be imposed for each of Jackson's offenses. It further observes that Wis. Stat. § 973.01(2)(b)6 does not provide for the bifurcation of penalty enhancers; rather, it explains that for unclassified felonies, the underlying term of confinement may not exceed 75% of the total length of imprisonment.

---

[5] Although it is not entirely clear, Jackson appears to maintain the position he took in the circuit court that because the six-year penalty enhancer is added to and increases the term of imprisonment, the penalty enhancer must be bifurcated into a term of confinement and extended supervision. (Jackson's Brief at 10–12).

¶ 20. We agree with the State that Jackson's penalty enhancer was not subject to bifurcation and was correctly added to the underlying maximum term of confinement. Ultimately, the difficulty we have with Jackson's positions is twofold. First, Jackson ignores the language of Wis. Stat. § 973.01(2)(c), which anticipates the question before us and specifically directs courts to add the penalty enhancer to the term of confinement, thereby increasing the overall term of imprisonment by the same amount. Wis. Stat. § 973.01(2)(c). Second, as the court of appeals recognized, Jackson's contention conflicts with the precedent of *Volk,* 258 Wis. 2d 584.

¶ 21. In *Volk,* the court of appeals confronted a similar issue involving the effect of penalty enhancers on classified offenses under Truth-in-Sentencing. There, the defendant argued that the circuit court erroneously applied the penalty enhancer of Wis. Stat. § 939.62 to the extended supervision term of his bifurcated sentence. *Id.,* ¶ 2. The court of appeals agreed, holding that Wis. Stat. § 973.01(2)(c) does not allow a sentencing court to impose any portion of a penalty enhancer as extended supervision. *Id.* The court based its interpretation, in part, on the language of the statute, which authorized courts to apply the enhancer to the term of confinement but conferred no such authorization for the term of extended supervision. *Id.,* ¶ 36. It also relied upon legislative history to support its conclusion. *Id.,* ¶¶ 41–42

¶ 22.  The legislative history cited by the court of appeals in *Volk* was the final report of the Criminal Penalties Study Committee.[6] *Id.* The Committee was charged with the responsibility of making recommendations regarding the Truth-in-Sentencing legislation and drafting proposed legislation necessary to implement those recommendations. State of Wisconsin Criminal Penalties Study Committee, Final Report ("Report"), August 31, 1999, at 6.

¶ 23.  In its report, the Committee made two recommendations regarding penalty enhancers under Wis. Stat. § 973.01(2)(c). First, it noted:

> If pleaded and proved, these enhancers increase the maximum term of confinement for the underlying crime and increase the overall maximum term of imprisonment as well. They do not lengthen the maximum term of extended supervision for the underlying crime. . . .

Report at 60 (footnotes omitted).[7]

¶ 24.  Second, the Committee advanced:

---

[6] The Criminal Penalties Study Committee's report can be accessed at http://www.doa.state.wi.us/docs_view2.asp?docid=42.

[7] In providing an example, the Report continued:

> [S]uppose that one has been convicted of the crime of assault by a prisoner while armed with a dangerous weapon. . . . The dangerous weapon penalty enhancer adds 5 years to the maximum term of confinement for the underlying assault charges while likewise increasing the overall maximum term of imprisonment by the same amount. It does not increase the maximum term of extended supervision.

State of Wisconsin Criminal Penalties Study Committee, Final Report, August 31, 1999, at 60 (footnotes omitted).

The extended supervision caps . . . would apply regardless of whether the penalties for the crime of conviction have been increased because the actor is a habitual criminal and/or because one of the penalty enhancers . . . has been pleaded and proved. In these instances the maximum term of confinement increases according to schedules in the Statutes and the overall maximum term of imprisonment increases by a like amount. The maximum term of extended supervision, however, does not increase. . . . Given the purposes of extended supervision, the Committee believes this amount is sufficient. It does not recommend adjusting extended supervision caps when penalty enhancers (including habitual criminality) are present in the case.

Report at 20 (footnotes omitted).

¶ 25.    While the focus of *Volk* involved the effect of penalty enhancers on extended supervision, we nevertheless find it instructive in the present case. As the State explains in its brief, "the real question in both [this case and *Volk*] is *how* penalty enhancers are to be applied under Truth-in-Sentencing's bifurcated sentencing structure."

¶ 26.    In making his arguments, Jackson ignores the language of Wis. Stat. § 973.01(2)(c) which specifically states that the penalty enhancer is added to the maximum term of confinement, which in turn increases the total length of imprisonment by the same amount. He is correct to note that Wis. Stat. § 939.62(1)(b) provides that the general repeater penalty enhancer increases the "maximum term of imprisonment" by six years. Yet, it is the truth-in-sentencing provisions of Wis. Stat. § 973.01 that explain how that increase in the maximum term of imprisonment may be accomplished.

¶ 27.    Finally, in an effort to reduce the maximum term of confinement for his Class E felony, operating a motor vehicle without owner's consent, Jackson argues

126

that by adding a penalty enhancer to this classified felony, it transforms into an unclassified felony for the purposes of Wis. Stat. § 973.01(2)(b)6. That statute provides:

> 6. For any felony other than a felony specified in subds. 1. to 5., the term of confinement in prison may not exceed 75% of the total length of the bifurcated sentence.

Wis. Stat. § 973.01(2)(b)6.

¶ 28.  Jackson reasons that his operating a motor vehicle without owner's consent conviction, which is listed as a Class E felony under subdivision 5 of Wis. Stat. § 973.01(2)(b) becomes an unclassified felony because no classified felonies listed in subdivisions 1–5 contain a penalty enhancer. He contends that it therefore falls within the definition of an unclassified felony, i.e., a felony "other than a felony specified in subds. 1. to 5," and the maximum term of confinement may not exceed 75% of imprisonment.

¶ 29.  Although novel, Jackson's argument is without authority. Essentially his position is that the addition of a penalty enhancer renders *all* felonies unclassified. The language of Wis. Stat. § 973.01(2)(b)6 belies such a contention. Indeed, the language of Wis. Stat. § 973.01(2)(b)6 contemplates a distinction between classified and unclassified felonies when it exempts classified felonies from its scope. Because Jackson provides no basis to challenge his Class E felony sentence other than this rejected transformation argument, we need only address the application of penalty enhancers to unclassified felonies.

¶ 30.  In sum, based upon *Volk* and Wis. Stat. § 973.01(2)(c), together with its legislative history, we determine that the legislature did not intend sentenc-

127

ing courts to bifurcate penalty enhancers between confinement and extended supervision or add them to the term of imprisonment pursuant to Wis. Stat. § 939.62, as Jackson advances. Rather, it intended courts to add them to the maximum term of confinement for each underlying offense, thereby increasing the overall term of imprisonment by the same amount.

IV

■

¶ 31. Having determined that the defendant's proffered methodology is in error, we turn next to the question of how to calculate the maximum confinement time for unclassified felonies with penalty enhancers under TIS-I. The circuit court arrived at a conclusion different from that set forth by the court of appeals, which in turn differed from that advanced by the State.

¶ 32. All agree that for unclassified felonies the penalty enhancer is added initially to the term of confinement pursuant to Wis. Stat. § 973.01(2)(c) and that the penalty enhancer cannot be bifurcated. For the unclassified felony, fleeing an officer, the maximum confinement without a penalty enhancer is two years, three months (27 months). The conclusions of the maximum confinement for the unclassified felony with the six-year penalty enhancer are as follows:

Circuit court:   seven years, six months (90 months)

Court of appeals:   seven years, two and four-tenths months (86.4 months)

State of Wisconsin:   eight years, three months (99 months).

¶ 33. In its decision, the court of appeals determined that the circuit court sentenced Jackson on his unclassified felony under the mistaken belief that the

maximum term of confinement was seven years, six months (90 months). *Jackson,* unpublished slip op. at ¶ 17. The court concluded that the true maximum term of confinement was seven years, two and four-tenths months (86.4 months). *Id.*

¶ 34. It arrived at this figure by first noting that pursuant to Wis. Stat. § 973.01(2)(c), in adding a six-year penalty enhancer to the underlying maximum term of confinement, the underlying maximum term of imprisonment is likewise increased by six years. In calculating, the court added the penalty enhancer of six years (72 months) to the underlying maximum term of confinement (27 months) for a total of 99 months maximum term of confinement. *Id.,* ¶ 14.

| | |
|---|---|
| Six year penalty enhancer | (72 months) |
| + Underlying maximum term of confinement | (27 months) |
| | 99 months |
| Six year penalty enhancer | (72 months) |
| + Underlying maximum term of imprisonment | (36 months) |
| | 108 months |

¶ 35. It then applied the 25% extended supervision rule found in Wis. Stat. § 973.01(2)(d) to limit the term of confinement. *Id.,* ¶ 15. The 25% extended supervision rule states that, "[t]he term of extended supervision that follows the term of confinement in prison may not be less than 25% of the length of the term of confinement in prison imposed under par. (b)." Wis. Stat. § 973.01(2)(d). The court of appeals interpreted this to require that Jackson's term of available imprisonment, nine years (108 months), be greater than or equal to his term of available confinement, eight years, three months (99 months), plus 25% of that confinement term (24.75 months). *See id.,* ¶ 16. Because it was not, the court reduced the maximum amount of confinement to a term of 86.4 months,

129

consistent with the 25% extended supervision rule. *Id.* The court explained its calculations as follows:

> If extended supervision must be 25% of confinement and extended supervision plus confinement must be less than or equal to maximum imprisonment, the problem can be conceptualized as dividing Jackson's 108–month maximum imprisonment into 5 parts: 4 parts confinement and 1 part extended supervision. Therefore:
>
> minimum extended supervision = 108/5 = 21.6
>
> maximum confinement = 4 [x] 21.6 = 86.4
>
> It follows that Jackson was subject to a maximum confinement of 86.4 months because this amount, when compared with Jackson's 108–month maximum sentence, leaves 25% of 86.4 (21.6 months) for extended supervision.

*Id.,* ¶ 16.

¶ 36. The court of appeals' reliance on Wis. Stat. § 973.01(2)(d) here is misplaced. That statute requires that the amount of extended supervision be at least 25% of the term of confinement that the sentencing court imposes. Wis. Stat. § 973.01(2)(d). In placing its focus on the 25% rule of extended supervision, the court of appeals failed to account for the 75% rule of Wis. Stat. § 973.01(2)(b)6, which specifically addresses the calculations of maximum term of confinement for unclassified felonies.

¶ 37. As earlier noted, this 75% rule provides that, "[f]or any felony other than a felony specified in subds. 1. to 5., [the classified felonies], the term of confinement in prison may not exceed 75% of the total length of the bifurcated sentence." Wis. Stat.

§ 973.01(2)(b)6.[8] Had the court of appeals properly focused on the 75% rule of Wis. Stat. § 973.01(2)(b)6, there would have been no need to resort to the minimum extended supervision requirements to reduce the maximum term of confinement. Had it taken Wis. Stat. § 973.01(2)(b)6 into account, it would have determined, as we do, that the maximum term of confinement here does not run afoul of the minimum extended supervision requirement.

¶ 38. Unlike the court of appeals, the State addresses Wis. Stat. § 973.01(2)(b)6. It asserts, however, that Wis. Stat. § 973.01(2)(b)6 does not speak to the issue of how penalty enhancers are applied. Rather, the State explains that the statute discusses how unclassified felonies are bifurcated prior to or without a penalty enhancer being applied. Accordingly, it contends that the circuit court could have added the entire six-year (72 month) penalty enhancer to the underlying maximum term of confinement, two years, three months (27 months), for a total of available term of eight years, three months (99 months).

| | |
|---|---|
| Six year penalty enhancer | (72 months) |
| + Underlying maximum term of confinement | (27 months) |
| | 99 months |

¶ 39. It is unclear from the language of the statutes if the legislature intended, as the State asserts, to

[8] Under TIS-II, only a few unclassified felonies remain. These include operating an automobile while intoxicated with a minor passenger (third or fourth offense), Wis. Stat. § 346.65(2)(f) (2001–02), and the felony enhancement of committing domestic abuse during the 72–hour period following a domestic abuse incident. Wis. Stat. § 939.621 (2001–02). Therefore, the 75% rule has limited application for future cases.

disjoin the 75% requirement of Wis. Stat. § 973.01(2)(b)6 from Wis. Stat. § 973.01(2)(c) altogether. We acknowledge that the State's position regarding the statutory scheme is a reasonable one. Yet there is another reasonable interpretation of the statutory scheme: the two statutes should be read together.

¶ 40. Wisconsin Stat. § 973.01(2)(b)6 instructs how to calculate the maximum term of confinement for unclassified felonies. The first step is to identify the total length of the bifurcated sentence. This is accomplished by relying on the second sentence of Wis. Stat. § 973.01(2)(c), which explains that the total length of the bifurcated sentence is increased by the same amount that was added to the underlying maximum term of confinement with enhancement. After arriving at this figure, the 75% rule of Wis. Stat. § 973.01(2)(b)6 applies to determine the maximum term of confinement available.

¶ 41. When there is doubt concerning the severity of the penalty described by statute, Wisconsin law provides that a court must favor a milder penalty over a harsher penalty. *Cole,* 262 Wis. 2d 167, ¶ 67 (citing *Morris,* 108 Wis. 2d at 289). This rule of lenity generally establishes that ambiguous penal statutes should be interpreted in favor of the defendant. *Id.* As a result, we interpret the statute in favor of Jackson.

¶ 42. Applying the rule of lenity, we conclude that Wis. Stat. § 973.01(2)(b)6 should be read together with Wis. Stat. § 973.01(2)(c) in calculation of the maximum term of confinement for unclassified felonies with penalty enhancers under TIS-I. We apply the 75% rule of Wis. Stat. § 973.01(2)(b)6 *after* the penalty enhancer is added to the underlying maximum term of confinement. This addition, in turn, pursuant to the second

132

sentence of Wis. Stat. § 973.01(2)(c), increases the total term of imprisonment by the same amount. We then apply the 75% rule to the total term of imprisonment to calculate the maximum amount of confinement for the unclassified felony with the penalty enhancer.[9]

| | |
|---|---|
| Six year penalty enhancer | (72 months) |
| + Underlying maximum term of imprisonment (Pursuant to Wis. Stat. § 973.01(2)(c)) | (36 months) |
| | 108 months |

108 months x 75% = 81 months maximum amount of confinement

¶ 43. Although our determination of the maximum term of confinement for Jackson's unclassified felony is less than both the circuit court and court of appeals, our decision has no practical effect upon the sentence imposed. As the court of appeals explained, any reduction in Jackson's unclassified offense leaves his Class E concurrent sentence both unchanged and controlling. *Jackson,* unpublished slip op. at ¶ 19.

V

¶ 44. In sum, we conclude that the general penalty enhancer for an unclassified felony under TIS-I is neither subject to bifurcation nor is to be added to the

---

[9] We recognize that our conclusion of six years, nine months (81 months) is the same maximum term of confinement that Jackson is seeking. However, for the reasons explained above, his methodology in arriving at that figure is inconsistent with Wis. Stat. § 973.01(2)(c), its legislative history, and *State v. Volk,* 2002 WI App 274, 258 Wis. 2d 584, 654 N.W.2d 24.

underlying term of imprisonment pursuant to Wis. Stat. § 939.62. We also determine, however, that the court of appeals' reliance on Wis. Stat. § 973.01(2)(d), the statute specifying that the extended supervision term imposed by the court be at least 25% of the term of confinement imposed, was misplaced. In the end, while our method of calculations differs from that used by the court of appeals, we affirm because the difference here in the calculations has no practical effect on Jackson's sentence.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 45. JON P. WILCOX, J. *(concurring).* I agree with the majority opinion that under Truth-in-Sentencing I (TIS I),[1] pursuant to Wis. Stat. § 973.01(2)(c)[2] and *State v. Volk,* 2002 WI App 274, 258 Wis. 2d 584, 654 N.W.2d 24, the circuit court was not required to bifurcate Jackson's six-year penalty enhancer and add it to the underlying term of imprisonment for his unclassified felony. Majority op., ¶¶ 3, 20. However, I disagree with the majority's method of calculating Jackson's sentence, and therefore cannot join Part IV of the opinion. As will be demonstrated below, the majority's method of calculating Jackson's sentence for his unclassified felony ignores the plain language of Wis. Stat. § 973.01(2)(b)&(c). Furthermore, the calculation in Part IV of the opinion is the mathematical equivalent of what the majority linguistically claims is prohibited in Part III.

[1] *See* 1997 Wis. Act 283.

[2] All reference to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

¶ 46.   As this case involves the interpretation of several portions of Wis. Stat. § 973.01, the relevant provisions are set forth in full bellow. Section 973.01 provides, in pertinent part:

> (1) Bifurcated Sentence Required. Except as provided in sub. (3), whenever a court sentences a person to imprisonment in the Wisconsin state prisons for a felony committed on or after December 31, 1999, the court shall impose a bifurcated sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113.
>
> (2) Structure of Bifurcated Sentences. The court shall ensure that a bifurcated sentence imposed under sub. (1) complies with all of the following:
>
> (a) Total length of bifurcated sentence. Except as provided in par. (c), the total length of the bifurcated sentence may not exceed the maximum term of imprisonment for the felony.
>
> (b) Imprisonment portion of bifurcated sentences. The portion of the bifurcated sentence that imposes a term of confinement in prison may not be less than one year, subject to any minimum sentence prescribed for the felony, and, *except as provided in par. (c),* may not exceed whichever of the following is applicable:
>
> . . . .
>
> 6. For any felony other than a felony specified in subds. 1. to 5., the term of confinement in prison may not exceed 75% of the total length of the bifurcated sentence.
>
> (c) Penalty enhancement. *The maximum term of confinement in prison specified in par. (b) may be increased by any applicable penalty enhancement.* If the maximum term of confinement in prison specified in par. (b) is increased under this paragraph, the total

135

length of the bifurcated sentence that may be imposed is increased by the same amount.

(d) Minimum term of extended supervision. The term of extended supervision that follows the term of confinement in prison may not be less than 25% of the length of the term of confinement in prison imposed under par. (b).

Wis. Stat. § 973.01 (emphasis added).

¶ 47.  The majority opinion, relying on the "rule of lenity," majority op., ¶ 41, comes to a conclusion that directly contravenes the express language of this statute. The majority calculates the maximum amount of confinement for a penalty enhanced, unclassified felony by erroneously reading § 973.01(2)(c) to require that any increase in the term of confinement also increases the term of imprisonment, which is then subject to the 75 percent bifurcation rule contained in § 973.01(2)(b)6. Majority op., ¶¶ 40, 42. However, the majority provides no authority for the proposition that § 973.01(2)(b)6. incorporates § 973.01(2)(c). The majority cites to no statutory provision that subjects the enhanced term of confinement in § 973.01(2)(c) to the confinement limitations contained in Wis. Stat. § 973.01(2)(b). Quite the contrary, § 973.01(2)(b) specifically states that any increase in confinement time under the penalty enhancement provision of § 973.01(2)(c) is *not* subject to the limitations contained in § 973.01(2)(b)1.-6. Rather than incorporating § 973.01(2)(c) into § 973.01(2)(b)6., § 973.01(2)(b) explicitly excludes penalty enhancers from the limitations on confinement time contained therein. Sections 973.01(2)(b) and 973.01(2)(b)6., when read together, provide:  "[t]he portion of the bifurcated sentence that imposes a term of confinement in prison : . . except as

provided in par. (c) [the penalty enhancement provision], may not exceed . . . . 75% of the total length of the bifurcated sentence." By applying the 75 percent rule contained in § 973.01(2)(b)6. *after* adding the penalty enhancer to the total term of initial imprisonment, the majority effectively eradicates the phrase "except as provided in par. (c)" from § 973.01(2)(b). Because this language appears in paragraph (b), it applies to all of the limits contained in the subdivisions of paragraph (b). The majority fails to explain why this language is inapplicable to the limit in subdivision 6.

¶ 48.   The error of the majority's interpretation is obvious if one looks to the other limitations on the time of confinement contained in the subdivisions of § 973.01(2)(b). If, as the majority argues, the allowable increase in confinement time contained in § 973.01(2)(c) is subject to the confinement limitations contained in § 973.01(2)(b)1.-6., then the penalty enhancer provision is rendered a nullity for classified felonies. For example, the sentencing limitation contained in subdivision 4 provides that "[f]or a Class D felony, the term of confinement in prison may not exceed 5 years." Wis. Stat. § 973.01(2)(b)4. Similarly, subdivision 5 provides that "[f]or a Class E felony, the term of confinement in prison may not exceed 2 years." Wis. Stat. § 973.01(2)(b)5. If any increase in confinement time under § 973.01(2)(c) is subject to the limitations contained in § 973.01(2)(b)1.-6., then the term of confinement for a Class D felony could never exceed five years, even if a penalty enhancer applied. Likewise, for a Class E felony, the term of confinement could never exceed two years, even if the initial sentence were subject to a penalty enhancer. Therefore, if a person were convicted of a Class E felony and subject to, say, a six-year penalty enhancer, the additional six years could

137

never attach to his sentence. Under *Volk*, 258 Wis. 2d 584, the penalty enhancer cannot be added to the term of extended supervision, and under the majority's logic, the increased term of confinement is still subject to the two-year limit in § 973.01(2)(b)5.

¶ 49.  This result is purely absurd, as it reads the penalty enhancement provision out of the statute. The statute attempts to avoid this absurd result by providing that the limits on the term of confinement contained in § 973.01(2)(b)1.-6. apply *"except as provided in par. (c)."* Wis. Stat. § 973.01(2)(b) (emphasis added). Contrary to the majority's suggestion, majority op., ¶ 39, this language is crystal clear and unambiguously indicates that the limits contained in the subdivisions of paragraph (b) do not apply to increases in confinement time under the penalty enhancement provision of paragraph (c). The majority's reading of the statute ignores this language and therefore places the vitality of penalty enhancers under TIS I in serious jeopardy. The majority fails to explain why the penalty enhancement provision of § 973.01(2)(c) is subject to the limit contained in § 973.01(2)(b)6., but not the limits proscribed in § 973.01(2)(b)1.-5. In other words, the majority does not explain why the phrase "except as provided in par. (c)" applies to subdivisions 1.-5. but not to subdivision 6. The only difference between § 973.01(2)(b)1.-5. and § 973.01(2)(b)6. is that the former provisions cap confinement time for classified felonies at a definitive number, whereas, the latter provision caps confinement time for unclassified felonies by providing that the term of confinement cannot exceed a certain percentage of the total sentence. None of the limits contained in the subdivisions of § 973.01(2)(b) contain any reference to § 973.01(2)(c). If any increase in confinement time under § 973.01(2)(c)

is subject to the limit in § 973.01(2)(b)6., then any increase must also be subject to the limits in § 973.01(2)(b)1.-5. There is simply no textual basis for distinguishing the limit on confinement time for unclassified felonies from the limits proscribed for classified felonies; both are subject to the phrase "except as provided in par. (c)."

¶ 50. The majority attempts to justify a distinction by misreading the second sentence of § 973.01(2)(c) in conjunction with § 973.01(2)(b)6. to provide that the enhanced sentence is bifurcated only after the enhancer is added to the initial sentence. Majority op., ¶¶ 40, 42. The second sentence of § 973.01(2)(c) provides: "If the *maximum term of confinement in prison specified in par. (b) is increased* under this paragraph, the total length of the bifurcated sentence that may be imposed is increased by the same amount." (Emphasis added.) Notably, this sentence does *not* provide that the total length of an increased sentence is *thereafter* subject to the limitations in § 973.01(2)(b). To read this sentence as such is entirely illogical because, as demonstrated above, § 973.01(2)(b) expressly excludes increases in the term of confinement under § 973.01(2)(c) from the requirements listed in § 973.01(2)(b)1.-6. Also, the first sentence of § 973.01(2)(c) provides: "The *maximum term of confinement in prison specified in par. (b) may be increased* by any applicable penalty enhancement." (Emphasis added.) The plain language of the statute contemplates that the enhancer is added *after* the maximum term of confinement specified in paragraph (b) is calculated. The second sentence of § 973.01(2)(c) simply provides that the total term of imprisonment calculated under § 973.01(2)(b) is subsequently increased as a mathematical consequence of the penalty

139

enhancer being added to the term of confinement pursuant to the first sentence in § 973.01(2)(c).

¶ 51. The majority writes, "[w]e apply the 75% rule of Wis. Stat. § 973.01(2)(b)6 after the penalty enhancer is added to the underlying maximum term of confinement." Majority op., ¶ 42. The error of the majority is obvious. The penalty enhancer cannot be added to the underlying term of confinement until the underlying term of confinement is calculated. However, in order to calculate the underlying term of confinement in the first place, the 75 percent rule of § 973.01(2)(b)6. must be applied.

¶ 52. I do not understand how the majority can add the penalty enhancer in § 973.01(2)(c) to the underlying term of confinement without first calculating the underlying term of confinement under the 75 percent rule contained in § 973.01(2)(b)6. The statute itself requires that the penalty enhancer is added *after* the initial term of confinement is calculated: "The *maximum term of confinement in prison specified in par. (b) may be increased* by any applicable enhancement. If the *maximum term of confinement in prison specified in par. (b) is increased* under this paragraph, the total length of the bifurcated sentence that may be imposed is increased by the same amount." Wis. Stat. § 973.01(2)(c) (emphasis added). The majority never calculates the underlying term of confinement and instead seems to add the enhancer directly to the total term of the sentence. *See* majority op., ¶¶ 40–42.

¶ 53. Either the majority is applying the 75 percent rule twice—once to calculate the underlying term of confinement and then again after the penalty enhancer is added—or the majority is simply adding the penalty enhancer to the total term of imprisonment without ever calculating the underlying term of con-

140

finement. This second possibility is the mathematical equivalent of Jackson's argument that the majority supposedly rejects. Jackson argues that his penalty enhancer, six years or 72 months, is subject to the 75 percent bifurcation rule and added to the total length of imprisonment. Pet'r br., at 8–10. Therefore, Jackson reasons that only 75 percent of 72 months, or 54 months should be added to his initial 27–month term of confinement to produce a total 81 months of confinement. *Id.* at 10. The majority states that it rejects this argument. Majority op., ¶ 3.

¶ 54. Yet, the majority reaches the exact same figure as Jackson regarding his total term of increased confinement, 81 months. *Compare* majority op., ¶ 42 *with* pet'r br., at 10, 12. The majority reasons that the 72–month enhancer increases the total term of imprisonment to 108 months, which is then bifurcated according to the 75 percent rule, to reach 81 months of confinement. Majority op., ¶ 42. The only difference between the majority's approach and Jackson's is that instead of bifurcating the 72 months up front and then adding the resulting 54 months to the original 27 months of confinement to reach 81 months, the majority adds the 72 months to the total term of initial imprisonment, 36 months, and then bifurcates under the 75 percent rule to reach 81 months.

¶ 55. The majority's reading of § 973.01(2)(b)&(c) directly contradicts its earlier position that the total amount of confinement subject to a penalty enhancer is *not* calculated by adding the enhancer to the original underlying term of imprisonment. Majority op., ¶ 3. While the majority states that it rejects Jackson's argument that the 72–month enhancer should be added to the underlying maximum term of imprisonment, *id.,* its mathematical formula does precisely just that:

141

| | |
|---|---|
| Six year penalty enhancer | (72 months) |
| + Underlying maximum term of imprisonment (Pursuant to Wis. Stat. § 973.01(2)(c)) | (36 months) |
| | 108 months |

108 months x 75% = 81 months maximum amount of confinement

Majority op., ¶ 42.

¶ 56. Following the approach of the State, and in accordance with the plain language of the statute, I conclude that Jackson should be subject to a total of 108 months imprisonment, composed of 99 months confinement and 9 months extended supervision. When read properly, § 973.01(2)(b)&(c) set forth a two-step procedure for calculating sentences affected by a penalty enhancer. First, the original term of imprisonment is calculated pursuant to the limits contained in § 973.01(2)(b). Second, under § 973.01(2)(c), "[t]he maximum term of confinement in prison specified in par. (b) may be increased by any applicable penalty enhancement." Therefore, any applicable penalty enhancer increases the total amount of confinement that was calculated under paragraph (b).

¶ 57. Prior to the application of the penalty enhancer, the total amount of imprisonment available for Jackson's unclassified felony is three years or 36 months. This underlying sentence is bifurcated into a term of confinement and a term of extended supervision. Wis. Stat. § 973.01(1). Symbolically, this relationship between confinement, extended supervision, and the total term of imprisonment can be represented as follows: "a" = confinement; "b" = extended supervision;

142

and "c" = total term of imprisonment. Pursuant to § 973.01(1), "a" + "b" = "c." Therefore, "c," the total term of imprisonment, equals 36 months.

¶ 58. Under § 973.01(2)(b)6., the maximum amount of confinement for an unclassified felony may not exceed 75 percent of the total length of the sentence. As such, Jackson's maximum term of confinement for his unclassified felony, pre-enhancement, is 75 percent of 36 months, or 27 months. The remainder, nine months, is the term of extended supervision. Therefore, Jackson's pre-enhanced sentence is represented as follows:   "a"= 27; "b"= 9; and "c"= 36. 27 + 9 = 36.

¶ 59. Next, pursuant to § 973.01(2)(c), the amount of the penalty enhancer is added to the maximum term of confinement specified in paragraph (b), which was just determined to be 27 months. Jackson's penalty enhancer is six years or 72 months. Adding 72 months to 27 months yields a total period of confinement of 99 months. Therefore, post-enhancement, Jackson's term of confinement "$a_1$" has a value of 99. While the amount of confinement is now greater than 75 percent of Jackson's total sentence, as discussed *supra,* § 973.01(2)(b) provides that the 75 percent rule for unclassified felonies in § 973.01(2)(b)6. is not applicable to an increase in the term of confinement under § 973.01(2)(c).

¶ 60. The second sentence of § 973.01(2)(c) provides that if "a" is increased by 72 months, "c," as a function of "a" + "b" is increased by that same amount:   "a" + 72 + "b" = "c" + 72. Jackson's sentence structure now appears as follows:   "$a_1$" + "b" = "$c_1$" or 99 + 9 = 108. Thus, pursuant to the second sentence of § 973.01(2)(c), "$c_1$" is now 108 months, which is 72 months greater than "c," the precise amount of the

increase in confinement between "a" and "$a_1$." Therefore, Jackson's total enhanced sentence should be 108 months, composed of 99 months confinement and nine months extended supervision.

¶ 61.  I do agree with the majority, although for different reasons, that the court of appeals erred in applying the 25 percent rule contained in Wis. Stat. § 973.01(2)(d). Majority op., ¶ 36. Section 973.01(2)(d) provides:  "The term of extended supervision that follows the term of confinement in prison may not be less than 25% of the length of the term of confinement in prison *imposed under par. (b).*" (Emphasis added.) This section has no reference to paragraph (c); it simply provides that when a bifurcated sentence is calculated under paragraph (b), the term of extended supervision cannot be less than 25 percent of the term of confinement calculated under that paragraph. As noted above, § 973.01(2)(b)&(c) provide a two-step procedure for calculating sentences with penalty enhancers. Under the initial calculation pursuant to § 973.01(2)(b)6., Jackson's term of confinement was 27 months and his term of extended supervision was nine months. Twenty-five percent of 27 months equals 6.75 months. Therefore, Jackson's initial term of extended supervision was greater than 25 percent of the initial term of confinement and the proscription contained in § 973.01(2)(d) was not violated. As § 973.01(2)(c) provides that a penalty enhancer is added to the term of confinement after the original sentence is bifurcated under § 973.01(2)(b), the 25 percent rule in § 973.01(2)(d) does not apply to the enhanced sentence.

¶ 62.  The majority states that this approach is reasonable, majority op., ¶ 29, yet, in the interest of "lenity," it elects to adopt an approach that ignores the plain language of § 973.01(2)(b)&(c) and contradicts its

144

earlier position that the total amount of confinement subject to a penalty enhancer is not calculated by adding the enhancer to the original underlying term of imprisonment.

¶ 63. For these reasons, while I concur in the mandate of the majority opinion, I do not join Part IV of the opinion.