COURT OF APPEALS
DECISION
DATED AND FILED

July 25, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP799-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2007CF1506

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES A. CULVER,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: TIMOTHY C. SAMUELSON, Judge. *Affirmed*.

Before Lundsten, P.J., Kloppenburg and Fitzpatrick, JJ.

¶1 LUNDSTEN, P.J. In 2016, James Culver was on extended supervision that had been imposed in 2008 when he was sentenced for OWI, as a fifth offense, and with minors in his vehicle, pursuant to WIS. STAT.

§ 346.65(2)(f).[1]   For reasons not specified in the record, in November 2016 Culver's extended supervision was revoked and he was reconfined.

¶2   In 2017, Culver moved the circuit court for release, arguing that he should not have been revoked from extended supervision and reconfined because he should have been off of extended supervision before November 2016.  Culver argued before the circuit court and on appeal that his sentencing court, in 2008, imposed an illegally long term of extended supervision because the court misconstrued WIS. STAT. § 346.65(2)(f), the statute addressing the consequences of driving while intoxicated with a minor child in the vehicle.  More specifically, Culver argues that his sentencing court, rather than properly treating § 346.65(2)(f) as a penalty enhancer applied to a classified crime, wrongly treated the statute as defining an unclassified felony.

¶3   For purposes of calculating the maximum term of extended supervision, it matters whether OWI-with-a-minor-passenger, WIS. STAT. § 346.65(2)(f), is an unclassified crime, or a penalty enhancer layered on top of an underlying classified crime.  Under WIS. STAT. § 973.01(2), maximum terms of extended supervision are determined differently for unclassified and classified felonies.  Thus, this appeal hinges on whether the sentencing court was applying § 973.01(2) to a classified or an unclassified crime.

---

[1] Unless otherwise indicated, all references to the Wisconsin Statutes are to the 2005-06 version, the version in effect at the time of Culver's crime in 2006.  However, so far as we can tell, our discussions in this opinion would be the same under the current statutes.  Although some of the statutes we cite have been changed in part or renumbered, *see, e.g.*, 2009 Wis. Act 100, § 48, the operative language with respect to the legal issues we address remains unchanged.

¶4    As we explain below, whether WIS. STAT. § 346.65(2)(f) is a penalty enhancer added to an underlying classified crime, or instead defines an unclassified crime, is not an open question. Our supreme court's decision in ***State v. Jackson***, 2004 WI 29, 270 Wis. 2d 113, 676 N.W.2d 872, tells us that § 346.65(2)(f) defines an unclassified crime. Accordingly, we affirm the circuit court's decision to deny Culver's motion.

## *Background*

¶5    In November 2006, Culver drove a vehicle while having a detectable amount of a restricted controlled substance in his blood and while two of his minor children were in his vehicle. It was Culver's fifth OWI offense. In August 2008, Culver entered his OWI plea. Because there were minors in his vehicle, WIS. STAT. § 346.65(2)(f) applied.[2] This statute reads, in pertinent part: "If there was a minor passenger under 16 years of age in the motor vehicle at the time of the [OWI] violation ... the applicable minimum and maximum forfeitures, fines, or imprisonment ... are doubled." ***Id.***

¶6    On December 3, 2008, Culver was given a seven-year sentence, comprised of one and a half years of initial confinement and five and a half years of extended supervision.

¶7    On June 8, 2010, after serving his confinement time, Culver was released to extended supervision.

---

[2] The plea hearing transcript is not a part of the appellate record. The "minutes" sheet, in addition to listing WIS. STAT. § 346.65(2)(f), indicates that Culver entered a plea with the severity listed as "Felony U," which we understand to mean "felony unclassified."

¶8    On November 19, 2012, Culver was taken into custody on new charges. Culver entered pleas to battery, resisting or obstructing an officer, and disorderly conduct, and was sentenced to one year in jail. These new charges also resulted in the revocation of Culver's extended supervision that was imposed in 2008. An administrative law judge ordered that Culver be reconfined for 18 months.

¶9    On May 13, 2014, Culver was again released to extended supervision.

¶10    On November 8, 2016, for reasons not apparent in the record, Culver's 2008 extended supervision was revoked a second time. Culver alleges, and we accept as true for purposes of this opinion, that, following this second revocation, an administrative law judge ordered that Culver be returned to confinement for 30 months.

¶11    In July 2017 Culver sent a letter and in January 2018 Culver filed a motion, both asserting, in effect, that his 2016 revocation and related reconfinement were illegal because, in 2008, he had received an amount of extended supervision that exceeded the maximum amount authorized by statute. The circuit court denied the motion.

### *Discussion*

¶12    Culver contends that he should not have been on extended supervision in November 2016 when he committed some unknown violation, was revoked, and was returned to confinement. According to Culver, if, in 2008, the circuit court had applied the proper three-year extended supervision maximum for his OWI-with-a-minor-passenger crime, Culver would have been off extended

4

supervision before November 2016. Thus, in Culver's view, a portion of his supervision and his reconfinement were unlawful.[3]

¶13 The resolution of Culver's argument turns on whether Culver's 2006 OWI-with-a-minor-passenger crime was a classified or an unclassified felony. We first describe the difference this makes in the maximum allowable extended supervision. We then explain why we conclude that *Jackson* dictates that Culver's crime be treated as an unclassified felony.

¶14 The maximum permissible terms of extended supervision for classified crimes are set forth in WIS. STAT. § 973.01(2)(d). For example, Culver's underlying OWI fifth offense is a Class H felony with a statutorily specified three-year maximum term of extended supervision. *See* § 973.01(2)(d)5. ("For a Class H felony, the term of extended supervision may not exceed 3 years."). If OWI-with-a-minor-passenger, WIS. STAT. § 346.65(2)(f), is a penalty enhancer, rather than a statute defining an unclassified crime, the doubling provision in that statute would not apply to increase the available amount of extended supervision. This is true because penalty enhancers apply to confinement maximums, *not* extended supervision. *See* ***State v. Volk***, 2002 WI App 274, ¶35, 258 Wis. 2d 584, 654 N.W.2d 24 ("We agree with Volk's argument that a penalty enhancer cannot be applied to the term of extended supervision.");

---

[3] Culver also appears to argue that reversal is required because the circuit court that addressed his 2018 motion relied on two "non-published, non-citable and per-curiam cases." This assertion about the status of those two cases, even if true, would not be a basis for reversing the circuit court's legal conclusion regarding the legality of the amount of extended supervision imposed on Culver in 2008. But Culver is also wrong in asserting that the circuit court could not look to the two cases. Both cases, ***State v. Smith-Iwer***, No. 2013AP1426-CR (WI App Dec. 27, 2013), and ***State v. Robinson***, No. 2012AP2498-CR (WI App July 23, 2013), are authored one-judge opinions that "may be cited for [their] persuasive value." *See* WIS. STAT. § 809.23(3)(b) (2017-18).

5

*accord Jackson*, 270 Wis. 2d 113, ¶30 ("[B]ased upon *Volk* [and other sources], we determine that the legislature did not intend sentencing courts to bifurcate penalty enhancers between confinement and extended supervision .... Rather, it intended courts to add them to the maximum term of confinement for each underlying offense ....").

¶15 Thus, if WIS. STAT. § 346.65(2)(f) is treated as a penalty enhancer applied to a Class H felony, Culver's sentencing court exceeded the three-year limit by imposing five and a half years of extended supervision, and Culver would be correct that he should not have been on extended supervision subject to revocation during the pertinent time period in 2016.

¶16 If, instead, Culver's OWI-with-a-minor-passenger crime is an unclassified felony, the sentencing subsection governing maximum periods of extended supervision for listed classified crimes, WIS. STAT. § 973.01(2)(d), does not apply. Rather, for unclassified crimes, the maximum term of extended supervision is a function of the total available term of imprisonment and the amount of confinement actually imposed. This is true because, as the State explains in its appellate brief, the only limitation under this scenario is found in § 973.01(2), which specifies that "[t]he total length of a bifurcated sentence equals the length of the term of confinement in prison plus the length of the term of extended supervision." Thus, extended supervision for unclassified felonies cannot exceed the maximum bifurcated sentence minus the amount of confinement imposed.

¶17 Applying this statutory scheme to Culver's situation shows that, if the circuit court properly treated Culver's crime as an unclassified crime, then the imposition of five and a half years of extended supervision was permissible.

6

¶18    The starting point for the unclassified calculation is the six-year maximum imprisonment for fifth offense OWI.  *See* WIS. STAT. § 346.65(2)(am)5. (making a fifth offense OWI a Class H felony) and WIS. STAT. § 939.50(3)(h) (specifying that imprisonment for a Class H felony "not ... exceed 6 years").[4]

¶19    This six-year maximum imprisonment is doubled to twelve years pursuant to WIS. STAT. § 346.65(2)(f) because that statute provides that "the applicable ... maximum ... imprisonment ... for the [underlying OWI] conviction [is] doubled."

¶20    As we have explained, the only upper limit on extended supervision under this unclassified-crime scenario is found in WIS. STAT. § 973.01(2), which limits the total bifurcated sentence to confinement plus extended supervision. Because Culver received one and a half years of confinement, the sentencing court could have imposed extended supervision in an amount equaling twelve years of imprisonment minus one and a half years of confinement, or ten and a half years. Thus, under this unclassified crime scenario, Culver's five and a half years of extended supervision was proper because it is less than the permissible ten-and-a-half-year maximum that was available.

¶21    Accordingly, we turn our attention to the heart of the dispute: whether OWI-with-a-minor-passenger, under WIS. STAT. § 346.65(2)(f), is a classified or an unclassified felony.

---

[4] We note that "imprisonment" does not refer to time in prison.  Under bifurcated sentencing, "'imprisonment' consists of both the time of confinement (in prison) and the time following the confinement spent on extended supervision."  *See* **State v. Jackson**, 2004 WI 29, ¶5 n.4, 270 Wis. 2d 113, 676 N.W.2d 872 (citing WIS. STAT. § 973.01(1)).

¶22    If this were an open question, it would be a matter of statutory construction. *See, e.g., **State v. Mason***, 2004 WI App 176, ¶¶11-21, 276 Wis. 2d 434, 687 N.W.2d 526 (engaging in statutory construction to determine whether felony murder is a penalty enhancer layered on top of classified crimes or a statute defining an unclassified crime). However, we do not have an open question before us. Our supreme court's *Jackson* decision effectively tells us that Culver's OWI crime is an unclassified felony.

¶23    The primary issue in *Jackson* was how to apply penalty enhancers to unclassified felonies when calculating the maximum term of confinement under Truth-in-Sentencing. *See Jackson*, 270 Wis. 2d 113, ¶2. However, the *Jackson* decision contains a footnote stating that OWI with a minor passenger, third or fourth offense, is an unclassified felony. *See id.*, ¶37 n.8 ("Under TIS-II, only a few unclassified felonies remain. These include operating an automobile while intoxicated with a minor passenger (third or fourth offense), Wis. Stat. § 346.65(2)(f) (2001-02) ...."). We are unable to discern any reason why this footnote does not control here.

¶24    It is not apparent to us why the *Jackson* footnote includes the "third or fourth offense" parenthetical. But we perceive no possible reason why the application of WIS. STAT. § 346.65(2)(f) to a fifth offense would be the application of an enhancer to a classified crime, but the application of § 346.65(2)(f) to a third or fourth offense would be an unclassified crime. At the time of *Jackson*, as in 2006, and today for that matter, the subsections in § 346.65(2) specifying penalties based on the number of prior convictions provide no apparent basis to distinguish a third offense or a fourth offense from a second offense or a fifth offense for purposes of deciding whether the crimes are classified or unclassified.

¶25     We readily acknowledge that there was no dispute in *Jackson* as to whether WIS. STAT. § 346.65(2)(f) defined an unclassified crime or, instead, was a penalty enhancer applied to an underlying classified crime. However, this court may not dismiss a statement from an opinion by our supreme court on the ground that the statement is dictum. *See Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶¶53-58, 324 Wis. 2d 325, 782 N.W.2d 682 ("[T]he court of appeals may not dismiss a statement from an opinion by [the supreme] court by concluding that it is dictum.").

¶26     Accordingly, we reject Culver's challenge to the extended supervision portion of his sentence. Because Culver's OWI-with-a-minor-passenger crime is an unclassified felony, the five-and-a-half-year term of extended supervision was within the permissible maximum.

### Conclusion

¶27     For the reasons above, we affirm the circuit court.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.